KREITZER, Appellee,

v.

ANDERSON, Appellant.

[Cite as *Kreitzer v. Anderson*, 157 Ohio App.3d 434, 2004-Ohio-3024.]

Court of Appeals of Ohio,
Third District, Auglaize County.

No. 2–03–40.

Decided June 14, 2004.

---

13. Id.

Matthew J. Kentner, for appellee Kimberly M. Kreitzer.

Timothy S. Sell, for appellant.

John D. Brunner, for appellee Ohio Department of Job and Family Services.

Shaw, Presiding Judge.

{¶ 1} The appellant, Kenneth E. Anderson Jr., appeals from the November 26, 2003 judgment of the Common Pleas Court, Juvenile Division, Auglaize County, Ohio, determining him to be the biological father of Kristin Anderson and ordering him to pay current and past child support.

{¶ 2} On April 11, 1990, the appellee, Kimberly Kreitzer, gave birth to a daughter, Kristin Anderson. Nearly 13 years later, on January 29, 2003, Kimberly filed a complaint, requesting that the court find that Kenneth was the biological father of Kristin. In addition, Kimberly requested that the court award her child support and an award for "past care." Kenneth admitted all of

the allegations contained in the complaint, and a hearing was set for November 4, 2003.

{¶ 3} This matter was heard on November 4, 2003, as scheduled, but Kenneth did not appear, nor did anyone on his behalf. At the hearing, Kimberly testified that although she was married to Richard Miller at the time of Kristin's conception, she had sexual intercourse only with Kenneth during this time. She further testified that Kenneth was present for Kristin's birth and signed the birth certificate, acknowledging that he was Kristin's biological father. In addition, she testified that Kenneth moved to Florida when Kristin was 16 to 18 months old, that he came to visit Kristin when she was attacked by a dog at the age of four, that he visited Kristin when she was 12, and that he also visited Kristin during the summer of 2003. Kimberly also testified that Kenneth was currently employed by the state of Florida as a tower guard for a prison, that he made approximately $30,000 per year, and that Kenneth currently provided health insurance to Kristin. During this hearing, the trial court also admitted an exhibit submitted by the Child Support Enforcement Agency ("CSEA"), which contained the results of genetic testing that established the probability of Kenneth's paternity at 99.99 percent.

{¶ 4} At the conclusion of the hearing, the trial court determined that Kenneth was Kristin's biological father and ordered that he pay current child support in the amount of $271.09 per month. The court also ordered Kenneth to pay back child support in the same amount per month, effective from the date of Kristin's birth with credit for $1,500, which Kimberly testified was the total amount of support he had provided Kristin since she was born, but allowed him to pay this arrearage at a rate of $200 per month until satisfied. Kenneth was further ordered to continue providing health insurance for Kristin and to pay the cost of the genetic testing. The court filed its written entry to this effect on November 26, 2003. This appeal followed, and Kenneth now asserts three assignments of error:

"The trial court erred in awarding child support back to the date of birth of the child.

"The trial court erred in determining the amount of child support owed since the birth of the child by utilizing the current monthly child support finding and multiplying that monthly child support amount by the number of months from the child's birth through the date of the hearing.

"The trial court erred by not requiring the joinder of a required party to the action."

*First Assignment of Error*

{¶ 5} Kenneth asserts in his first assignment of error that R.C. 3111.13(F)(3) and the doctrine of laches should be applied to preclude the award of retroactive child support. In addition, Kenneth maintains that the complaint failed to request retroactive child support in its prayer for relief, which resulted in his not being apprised that such support was being sought.

{¶ 6} The first issue to be addressed is whether Kimberly's complaint requested an award for retroactive child support. The Rules of Civil Procedure require that the complaint contain "a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 8(A)(2). Notably, Ohio's pleading system is what is often referred to as "notice pleading," similar to that of the Federal Rules of Civil Procedure. *Fancher v. Fancher* (1982), 8 Ohio App.3d 79, 82–83, 8 OBR 111, 455 N.E.2d 1344. "The purpose to be served by this alteration of pleading procedure is clear: to simplify pleadings to a 'short and plain statement of the claim' and to simplify statements of the relief demanded, Civ.R. 8(A), to the end that the adverse party will receive fair notice of the claim and an opportunity to prepare his response thereto." Id. Thus, the complaint need only allege facts sufficient to demonstrate a cognizable cause of action and the relief sought thereon.

{¶ 7} In this case, the request for relief stated: "WHEREFORE, Plaintiffs pray for: * * * 2. That this Court issue such other Orders as it deems just and equitable, including an award of support, and an award of medical expenses, past care, and such other relief as this Court deems just and equitable." While the specific term "retroactive child support" was not employed in this prayer, an award of support and "past care" were requested. These requests were sufficient to notify Kenneth that back child support was being requested, and he was afforded the opportunity to prepare his response thereto. Therefore, Kenneth cannot now complain that he was not on notice that past support was being sought by Kimberly.

{¶ 8} The second issue is whether the award of retroactive child support was improperly made. The Revised Code states:

"A court shall not require a parent to pay an amount for that parent's failure to support a child prior to the date the court issues an order requiring that parent to pay an amount for the current support of that child * * *, if both of the following apply:

"(i) At the time of the initial filing of an action to determine the existence of the parent and child relationship with respect to that parent, the child was over three years of age.

"(ii) Prior to the initial filing of an action to determine the existence of the parent and child relationship with respect to that parent, the alleged father had no knowledge and had no reason to have knowledge of his alleged paternity of the child." R.C. 3111.13(F)(3)(a).

{¶ 9} Initially, we note that R.C. 3111.13(F)(3)(a) provides a statute of limitations for an award of retroactive child support. According to Civ.R. 8(C), an answer to a complaint must set forth any affirmative defenses. One such affirmative defense is the "statute of limitations." Civ.R. 8(C). Kenneth's answer asserted no affirmative defenses, including a statute-of-limitations defense, nor did he seek to amend his answer at any point to include this defense. In addition, he failed otherwise to raise this issue at any time prior to this appeal. Thus, he has waived any perceived error in the application of the statute of limitations established in R.C. 3111.13(F)(3). See *Carmen v. Link* (1997), 119 Ohio App.3d 244, 250, 695 N.E.2d 28; see, also, See *Mills v. Whitehouse Trucking Co.* (1974), 40 Ohio St.2d 55, 320 N.E.2d 668, syllabus.

{¶ 10} However, even if this issue were not waived, R.C. 3111.13(F)(3) does not preclude an award of retroactive child support in the case sub judice. Neither party disputes that Kristin was over the age of three at the time that Kimberly initiated the paternity action. However, Kenneth maintains that the second requirement, listed in R.C. 3111.13(F)(3)(a)(ii), has not been satisfied. Kenneth correctly notes that the Revised Code provides that "the mother of the child may establish that the alleged father had or should have had knowledge of the paternity of the child by showing, by a preponderance of the evidence, that she performed a reasonable and documented effort to contact and notify the alleged father of his paternity of the child." R.C. 3111.13(F)(3)(b). Based on this provision, he asserts that Kimberly did not present evidence of a reasonable and documented effort to contact and notify him of his alleged paternity. Thus, he contends that the court erred in awarding retroactive support. We disagree.

{¶ 11} The Revised Code does not provide that documentation is the *only* way to establish that the father knew or had reason to know of his alleged paternity. Rather, it states that a mother *may* establish this knowledge through documentation. See R.C. 3111.13(F)(3)(b). However, documentation is not always necessary. For instance, a father is certainly able to admit that he knew that he was the father of a particular child prior to the initiation of the paternity action, which would demonstrate his knowledge absent any documentation in support. Such is the case here.

{¶ 12} Kenneth admitted all of the allegations of the complaint. In addition, he did not appear at the hearing and contest the testimony of Kimberly. At the hearing, Kimberly testified that Kenneth was present for Kristin's birth, signed the birth certificate as Kristin's father, exercised visitation with Kristin at

different times during her life, provided health insurance for Kristin, and gave her $1,500 for Kristin's support. This testimony was undisputed at the hearing, and Kenneth has not purported to dispute this testimony in his brief to this court. Thus, the trial court could reasonably conclude that Kenneth knew that Kristin was his child from the time of her birth. Despite the inapplicability of R.C. 3111.13 to the facts of this case, our inquiry does not end there, as Kenneth contends that the doctrine of laches prevents the award of past support.

{¶ 13} The Ohio Supreme Court has determined that laches may be employed as an equitable defense to a paternity action. *Wright v. Oliver* (1988), 35 Ohio St.3d 10, 517 N.E.2d 883, syllabus. In order to properly invoke the doctrine of laches, Kenneth must demonstrate that he has been materially prejudiced by Kimberly's delay in asserting the child-support claim. *Connin v. Bailey* (1984), 15 Ohio St.3d 34, 35–36, 15 OBR 134, 472 N.E.2d 328; *Smith v. Smith* (1959), 168 Ohio St. 447, 7 O.O.2d 276, 156 N.E.2d 113, paragraph three of the syllabus. The decision to apply the doctrine of laches is within the discretion of the trial court, and a reviewing court will not reverse that decision absent an abuse of discretion. *State ex rel. Scioto Cty. Child Support Enforcement Agency v. Gardner* (1996), 113 Ohio App.3d 46, 57, 680 N.E.2d 221.

{¶ 14} Various courts have addressed what constitutes material prejudice caused by a delay in filing a paternity action. For instance, the Fourth District found material prejudice when a mother of a child did not seek an award of retroactive child support from her daughter's father until her daughter was 20. *Park v. Ambrose* (1993), 85 Ohio App.3d 179, 184–185, 619 N.E.2d 469. The court found prejudice due to the fact that the father was deprived of the opportunity to contribute to his daughter's rearing during her formative years or to otherwise visit and/or bond with her due to the actions of the mother. Id. In contrast, other courts have found no material prejudice where the child was not of the age of majority and still had many formative years remaining. See, e.g., *Gardner*, 113 Ohio App.3d at 58, 680 N.E.2d 221 (addressing a 13–year delay); *Seegert v. Zietlow* (1994), 95 Ohio App.3d 451, 458, 642 N.E.2d 697 (addressing a nine-year delay). In addition, this court has previously held that a father had not demonstrated material prejudice even though he was unaware that he had a son until the mother initiated a paternity action when the child was 11. *Smith v. Smith* (Mar. 10, 1999), Hancock App. No. 5–98–35, 1999 WL 181190.

{¶ 15} Here, Kenneth has failed to demonstrate or even allege any prejudice he has suffered. More specifically, he has not alleged or shown any evidence that he was denied the opportunity to contribute to Kristin's rearing during her formative years. To the contrary, he was present for her birth, exercised visitation, albeit sparingly, with her, and even provided some money for her support. Further, there is no evidence to show that he was denied access to his daughter

due to the mother's actions or was unaware of Kristin's existence. In addition, Kristin has more formative years remaining, and Kenneth may at any time seek court-ordered visitation. Thus, the doctrine of laches does not apply here because Kenneth has suffered no material prejudice. Accordingly, the first assignment of error is overruled.

### Second Assignment of Error

{¶ 16} In his second assignment of error, Kenneth maintains that the court erred in determining the amount of back support he owed based on his current income without considering the changes to the child-support statutes and the actual income of the parties. When reviewing matters related to child support, we apply an abuse of discretion standard. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028. An abuse of discretion connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. *State v. Lessin* (1993), 67 Ohio St.3d 487, 494, 620 N.E.2d 72; *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 112, 616 N.E.2d 218. When applying the abuse of discretion standard of review, this court is not free merely to substitute its judgment for that of the trial court. *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 137–138, 566 N.E.2d 1181, citing *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.

{¶ 17} The Revised Code states: "When a court computes the amount of child support required to be paid under a court child support order * * * (A) The parents' current and past income and personal earnings shall be verified by electronic means or with suitable documents, including, but not limited to, paystubs, employer statements, * * * [and] tax returns[.]" R.C. 3119.05(A). In addition, when calculating back child support "the court or agency shall calculate that amount using the basic child support schedule, worksheets, and child support laws in effect, and the incomes of the parents as they existed, for that prior period of time." R.C. 3119.05(J). The Ohio Supreme Court has held that the provisions regarding the calculation of child support "are mandatory in nature, and must be followed literally and technically in all material respects." *Marker v. Grimm* (1992), 65 Ohio St.3d 139, 601 N.E.2d 496.

{¶ 18} In this case, the trial court did not have any information before it to verify Kenneth's past income and personal earnings. Further, it did not calculate the amount of retroactive child support by using the basic schedule, worksheets, and child-support laws in effect from April 11, 1990, until the date of the hearing. Rather, it utilized Kenneth's current income and the current basic schedule, worksheets, and child-support laws in determining the prior amount owed. While we empathize with the court in electing to base its decision on the current status quo because Kenneth failed to appear at the hearing, despite the issuance of a

bench warrant for his failure to previously appear, the child-support statutes must be followed literally and technically. Therefore, the trial court abused its discretion in not doing so when it determined the amount of retroactive child support due, and the second assignment of error is sustained.

### Third Assignment of Error

{¶ 19} Kenneth next maintains that the trial court erred by not requiring the joinder of Richard Miller, Kimberly's husband at the time of Kristin's conception. The Revised Code requires "each man presumed to be the father under section 3111.03 of the Revised Code" be made a party to the paternity action. R.C. 3111.07(A). Included in the list of those presumed to be the father is a man who was married to the mother and the child was born within 300 days after the termination of that marriage. R.C. 3111.03(A)(1). However, this presumption can be rebutted by clear and convincing evidence provided through genetic testing. R.C. 3111.03(B). In addition, R.C. 3111.07 states that "[i]f the person bringing the action knows that a particular man is not or, based upon the facts and circumstances present, could not be the natural father of the child, the person bringing the action * * * shall not make the man a party to the action."

{¶ 20} The parties all agree that Richard Miller was presumed to be the father pursuant to the terms of R.C. 3111.03(A)(1). However, the undisputed results of the genetic testing revealed that Kenneth is Kristin's biological father. Therefore, the presumption that Richard was Kristin's father was clearly and convincingly rebutted. Moreover, Kimberly, the person who instituted the action, knew that she had not engaged in sexual intercourse with Richard around the time of conception and also knew the results of the genetic testing prior to initiating the complaint, as evidenced by the attachment of the results to the complaint. Therefore, R.C. 3111.07 prohibited her from making him a party to the action because she knew that Richard could not be the father. Accordingly, the third assignment of error is overruled.

{¶ 21} For these reasons, the judgment of the Common Pleas Court, Juvenile Division, Auglaize County, Ohio, is affirmed as to the first and third assignments of error, and reversed and the cause remanded as to the second assignment of error regarding the calculation of retroactive child support.

Judgment affirmed in part,
reversed in part
and cause remanded.

CUPP and ROGERS, JJ., concur.