[Cite as *Schroeder v. Niese*, 2016-Ohio-8397.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

LISA M. SCHROEDER,

    PLAINTIFF-APPELLANT,

  v.

DENNIS V. NIESE,

    DEFENDANT-APPELLEE.

CASE NO. 12-16-05

O P I N I O N

---

**Appeal from Putnam County Common Pleas Court
Juvenile Division
Trial Court No. 20154060**

**Judgment Affirmed**

**Date of Decision:  December 27, 2016**

---

**APPEARANCES:**

    *Howard A. Elliott and Jeffrey Whitman* **for Appellant**

    *Keith H. Schierloh* **for Appellee**

**WILLAMOWSKI, J**.

{¶1} The plaintiff-appellant, Lisa M. Schroeder ("Schroeder"), appeals a decision from the Juvenile Division of the Putnam County Court of Common Pleas. Schroeder alleges that the trial court erred by declining to make child support effective from the date her child was born instead of from the date she filed her complaint. For the reasons set forth below, the judgment of the lower court is affirmed.

{¶2} Schroeder is the mother and natural guardian of CN. Doc. 1. CN was born in December of 2012. *Id*. On October 8, 2015, Schroeder filed a complaint to determine parentage with the Juvenile Division of the Putnam County Court of Common Pleas that named Dennis V. Niese ("Niese") as the defendant. *Id*. After the genetic testing results were returned, Niese filed an answer that admitted he was the father of CN. Doc. 11, 15. On January 26, 2016, Schroeder and Niese came to the court with an agreement on several child support matters, but the issues of "past due medical expenses and the effective date of the child support to be paid" remained unresolved. Doc. 18. Tr. 9.

{¶3} At this hearing, Schroeder requested the court to award retroactive child support from the date of CN's birth in December of 2012. Tr. 10. Niese, however, was only willing to pay child support retroactive to the date that the complaint was filed. Tr. 11. The court heard arguments from both parties on this matter. *Id*.

-2-

Schroeder testified as to the nature of her past relationship with Niese. In her testimony, she explained that she told Niese about their child early in her pregnancy, notified him of CN's birth on the date of delivery, and, at the time she became pregnant, expected Niese to be involved in CN's upbringing. Tr. 14, 19. Schroeder testified that she and Niese signed a lease for an apartment in anticipation of living together. Tr. 17-18. However, she admitted that she had Niese sign as an occupant not as a lessee because she "was trying to protect [herself]…if he was a lessee there was no way [she] could remove him from the property." Tr. 19. Ex. A, B. In the end, neither party moved into the apartment. Tr. 19. She also admitted that Niese had periodically given her sums of money with the amounts ranging from $40 to $400. Tr. 24.

{¶4} The defense argued that the pleadings did not request retroactive support from the date of birth and, therefore, the effective date of the child support should be the date Schroeder filed the complaint. Tr. 11. Niese took the stand and testified that he did tell Schroeder during her pregnancy that he was going to take care of her and CN. Tr. 32. Niese also asserted that he regularly paid Schroeder $500 per month after CN was born and would occasionally give her a $1,000 payment for months with holidays. Tr. 27. However, he made these payments only in cash and did not keep a record or take a receipt from Schroeder for these payments. Tr. 29.

{¶5} On July 12, 2016, the court issued a final judgment in which it ordered Niese to reimburse Schroeder for CN's past medical expenses and set October 8, 2015, as the effective date for retroactive child support. Doc. 18. On appeal, Schroeder raises one assignment of error.

> **The trial court abused its discretion by failing to order child support to the mother of the child retroactive to the date of birth of the child in the paternity action where the father failed to affirmatively establish the circumstances that would relieve him of his obligation to pay support from the period of time prior to the commencement of the paternity action.**

{¶6} The sole assignment of error argues that the trial court erred by declining Schroeder's request for retroactive child support to the date of birth. R.C. 3111.13(F)(2) places the issue of retroactive child support within the discretion of the trial court:

> **When a court determines whether to require a parent to pay an amount for that parent's failure to support a child prior to the date the court issues an order requiring that parent to pay an amount for the current support of that child, it shall consider all relevant factors, including, but not limited to, any monetary contribution either parent of the child made to the support of the child prior to the court issuing the order requiring the parent to pay an amount for the current support of the child.**

R.C. 3111.13(F)(2). "[T]his statute does not institute a per se rule that requires or disallows awards of retroactive child support." *Evans v. Richardson*, 10th Dist. Franklin No. 01AP-1328, 2002-Ohio-3555, ¶12.

**{¶7}** "We review child support matters under an abuse of discretion standard." *Hay v. Shafer*, 3d Dist. Mercer No. 10-10-10, 2010-Ohio-4811, ¶ 25, citing *Booth v. Booth*, 44 Ohio St.3d 142, 541 N.E.2d 1028 (1989). "An abuse of discretion is more than an error of judgment; rather, it implies that the trial court's decision was unreasonable, arbitrary, or capricious." *Heilman v. Heilman*, 3d Dist. Hardin No. 6-12-08, 2012-Ohio-5133, ¶ 14. "When applying the abuse of discretion standard of review, this court is not free merely to substitute its judgment for that of the trial court." *Kreitzer v. Anderson*, 157 Ohio App.3d 434, 2004-Ohio-3024, 811 N.E.2d 607, ¶ 16 (3d Dist.).

**{¶8}** In her appeal, Schroeder claims that the trial court inappropriately departed from the "general rule, in a paternity action, [that] child support should be awarded from the birthdate of the child." Appellant's Brief, 7. Schroeder is under the impression that *Myers v. Moschella*, 112 Ohio App.3d 75, 677 N.E.2d 1243 (1st Dist.1996) supports this general rule. Although *Myers* states "the [father's] support obligation commences at birth," it did not require that formal child support be ordered retroactively to the date of birth. *Id*. at 78, quoting *Baugh v. Carver*, 3 Ohio App.3d 139, 140, 444 N.E.2d 58, (1st Dist.1981).[1] In fact, the appeals court in

---

[1] Both the *Myers* and the *Baugh* decisions were handed down under a prior version of R.C. 3111.17 that has since been revised. Courts have nonetheless used the *Baugh* decision to evaluate child support determinations made under R.C. 3111.13. See *Evans v. Richardson*, 10th Dist. Franklin No. 01AP-1328, 2002-Ohio-3555, ¶12.

*Myers* affirmed the trial court's decision to decline an award of retroactive child support from the date of the child's birth and to refuse to order the father to reimburse the plaintiff for any of the child's past medical expenses. *Myers* at 78.

**{¶9}** The judgment entry shows that the trial court, in coming to its decision, "consider[ed] all relevant factors" presented by the parties as was required by law. R.C. 3111.13(F)(2). First, the court found that Niese did make payments of support prior to the initiation of this action. Doc. 18. While the amounts and regularity of the payments were in dispute, the court presumed the support was generally satisfactory as Schroeder did not file an action against Niese for almost three years. *Id.* Second, the court found that Schroeder and Niese had agreed to live together in an apartment. *Id.* However, Schroeder signed this lease without Niese. *Id.* The court reasoned that these facts demonstrated that Schroeder had reservations about fully trusting Niese's promises of full support. The fact that neither of them moved into the apartment shows that Schroeder was aware, prior to the birth of CN, that Niese was likely to fall short of his previous representations. *Id.* Finally, the trial court found that Schroeder did not show that she had relied upon Niese's statements. *Id.* All of these findings were supported by competent, credible evidence in the record. *Cummins v. Minster*, 3d Dist. Auglaize No. 2-14-15, 2015-Ohio-4129, 43 N.E.3d 902, ¶ 16, quoting *Middendorf v. Middendorf*, 82 Ohio St.3d 397, 401, 696 N.E.2d 575 (1998).

{¶10} Based on these findings, the trial court ordered Niese to reimburse Schroeder for all the medical and birth expenses incurred from CN's birth to the present and to pay retroactive child support from the date of filing. Doc. 18. This award amounts to $8,380.33 in medical expenses prior to the addition of any birth expenses. *Id.* It also amounts to $500.00 per month in arrearage payments for retroactive child support from the date this action was filed. *Id.* Contrary to Schroeder's assertions, the judgment entry that the trial court issued acknowledged the duty of Niese to support CN in some form from the time of CN's birth. The judgment entry also shows the trial court explained the findings and reasoning that guided the judge, establishing his decision was neither arbitrary nor unreasonable.

{¶11} Schroeder also asserts that it is an abuse of discretion to decline to award retroactive child support from the child's date of birth "absent an affirmative demonstration by the obligor of circumstances which would relief [sic] him of that obligation." To support this argument, Schroeder cites *Baugh v. Carver, supra.* However, *Baugh* does not advance her argument when quoted in full.

> **Where damages for support payments for the period from the date of the child's birth to the date of adjudication are prayed for and proved, as here, it is an abuse of discretion for the court to make no award of child support for that period in the absence of an affirmative demonstration of some circumstance which ought reasonably to relieve the father of this obligation and the child of this entitlement.**

*Baugh* at 140-141. For Niese to be required to make an affirmative demonstration, Schroeder would first need to prove damages. See *Shockey v. Blackburn*, 12th Dist. Warren No. CA98-07-085, 1999 WL 326174 (May 17, 1999). The record does not show that she carried this burden.

**{¶12}** Further, under the *Baugh* analysis, courts have held that "[d]emonstrating that a father voluntarily provided support prior to a child support order, and that the child's financial needs were met during that pre-order period, can be sufficient evidence to relieve a father of retroactive child support." *Evans, supra* at ¶ 16. Both parties agree that Niese voluntarily made payments of child support. Doc. 18. While the parties dispute whether this support was adequate, the trial court found the fact that Schroeder did not initiate an action for a child support order until CN was nearly three to be evidence that the support was generally adequate. *Id*. Thus, even when taking the *Myers* and *Baugh* decisions into consideration, the trial court's determination was not an abuse of discretion.

While "[u]nder some circumstances, a trial court may abuse its discretion by not ordering child support payments from the birth of the child," we do not find that to be the case here. *Hammon By and Through Hammon v. Hammon*, 3d Dist. Van Wert No. 15-90-14, 1991 WL 53747 (April 12, 1991), citing *Baugh v. Carver*, 3 Ohio App.3d 139, 444 N.E.2d 58 (1st Dist.1981). Ohio law expressly gives the trial court the discretion to determine whether the circumstances of a particular case

warrant child support to be made retroactive to the date of birth. In its discretion, the trial court determined this situation did not warrant such an award. For these reasons, we overrule Schroeder's sole assignment of error.

{¶13} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Juvenile Division of the Putnam County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**SHAW, P.J. and PRESTON, J., concur.**

**/hls**