[Cite as *United Bank v. Lemon*, 2018-Ohio-634.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

UNITED BANK,

    PLAINTIFF-APPELLEE,

       v.

RODNEY G. LEMON,

    DEFENDANT-APPELLANT.

CASE NO. 3-17-17

O P I N I O N

Appeal from Crawford County Municipal Court
Trial Court No. CVF1300987

Judgment Affirmed

Date of Decision:  February 20, 2018

APPEARANCES:

    *Rodney G. Lemon,* Appellant

    *James W. Pry II* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Rodney G. Lemon ("Mr. Lemon") appeals the judgment of the Crawford County Municipal Court for denying his post-judgment motion. For the reasons set forth below, the judgment of the lower court is affirmed.

*Facts and Procedural History*

{¶2} On September 27, 2013, United Bank filed a complaint in the Crawford County Municipal Court, alleging that Mr. Lemon failed to make payments on a note and that Mr. Lemon's vehicle was security for this note. Doc. 1. United Bank was seeking to repossess this vehicle. Doc. 1. Mr. Lemon filed his answer on October 17, 2013. Doc. 5. On January 21, 2014, United Bank filed a motion for summary judgment. Doc. 13. Mr. Lemon filed a response to United Bank's motion for summary judgment on January 27, 2014. Doc. 14. On February 13, 2014, the trial court granted United Bank's motion for summary judgment. Doc. 15.

{¶3} Mr. Lemon did not appeal the February 13, 2014 judgment of the trial court. Over three years later, on October 5, 2017, Mr. Lemon submitted a document with the trial court that alleged he had obtained new evidence. Doc. 20. The trial court construed this document as a Civ.R. 60(B) motion. Doc. 21. The trial court found that this motion was not timely filed, did not present new evidence, and made arguments that Mr. Lemon could have made during the original litigation. Doc. 21. For these reasons, the trial court denied his Civ.R. 60(B) motion. Doc. 21.

{¶4} On November 17, 2017, Mr. Lemon filed notice of appeal. Doc. 22. On appeal, he raises the following five assignments of error:

## First Assignment of Error

**The trial court committed prejudicial error in stating that the new evidence should have been given in first hearing when bank had withheld it from me and the court.**

## Second Assignment of Error

**Second assignment of error was the paper work of the bank showed the bank tampered with evidence by withholding documents that would show the payments made right up until bank filed to repo for not making payments in months.**

## Third Assignment of Error

**Not looking at the new evidence and seeing the payment were made and the bank and their counsel had put one over on him.**

## Fourth Assignment of Error

**Fourth assignment of error was not looking into 145.56 tax exemptions that shows my pension check is exempt after it is put into my checking.**

## Fifth Assignment of Error

**Fifth assignment of error was not seeing that the bank stole money from an exempt checking as well as stole the car and sold it. This by the bank withholding evidence from the court that would be tampering with [evidence].**

We will with address Mr. Lemon's first assignment of error before we address his remaining assignments of error together.

*First Assignment of Error*

{¶5} In his first assignment of error, appellant alleges that he presented the trial court with new evidence in the document he filed on October 5, 2017. The

appellant argues that the trial court committed prejudicial error in denying his motion.

Legal Standard

**{¶6}** "A trial court has the authority to construe an improperly captioned post-judgment motion as though it were a Civ.R. 60(B) motion for relief from judgment." *Ohio State Aerie Fraternal Order of Eagles v. Alsip*, 12th Dist. Butler No. CA2013-05-079, 2013-Ohio-4866, ¶ 18. *Wank v. Wank*, 3d Dist. Paulding No. 11-15-03, 2015-Ohio-3094, ¶ 20. Civ.R. 60(B) reads as follows:

> **(B) On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.**

Civ.R. 60(B).

> **In order to prevail on a motion brought pursuant to Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R.**

> **60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken.**

*Kerr Bldgs., Ind. v. Bishop*, 3d Dist. Henry No. 7-14-07, 2014-Ohio-5391, ¶ 15, citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc*., 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. If the petitioner fails to establish one of these three factors, the petitioner cannot prevail on the Civ.R. 60(B) motion. *Bish Constr., Inc. v. Wickham*, 3d Dist. Seneca No. 13-12-16, 2013-Ohio-421, ¶ 15 (holding "[t]hese requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met.").

{¶7} "The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of discretion." *Glessner v. Select Genetics L.L.C*., 3d Dist. Mercer No. 10-15-12, 2016-Ohio-532, ¶ 12, citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994). "An abuse of discretion is more than an error of judgment; rather, it implies that the trial court's decision was unreasonable, arbitrary, or capricious." *Schroeder v. Niese*, 2016-Ohio-8397, 78 N.E.3d 339, ¶ 7 (3d Dist.), quoting *Heilman v. Heilman*, 3d Dist. Hardin No. 6-12-08, 2012-Ohio-5133, ¶ 14. "When applying the abuse of discretion standard of review, this court is not free merely to substitute its judgment for that of the trial court." *Worden v. Worden*, 3d Dist. Marion No. 9-16-54, 2017-Ohio-8019, ¶ 26, quoting *Kreitzer v. Anderson*, 157 Ohio App.3d 434, 2004-Ohio-3024, 811 N.E.2d 607, ¶ 16 (3d Dist.).

Legal Analysis

{¶8} In this case, the trial court construed the appellant's filing as a Civ.R. 60(B) motion. Doc. 21. The trial court also found that the appellant's filing did not meet the criteria necessary to prevail on a Civ.R. 60(B). Doc. 21. The trial court found that this motion was not timely filed in accordance with Civ.R. 60(B). Doc. 21. Under the Ohio Rules of Civil Procedure, a Civ.R. 60(B) motion that purports to have found new evidence must be submitted within one year of the final judgment of the trial court. Civ.R. 60(B).

{¶9} In this case, the trial court's final judgment in the original action came on February 13, 2014. Doc. 15. Appellant submitted his 60(B) motion on October 5, 2017. Doc. 20. This motion purported to have new evidence relating to the original action. Doc. 20. However, this motion was filed which was more than three years after the final judgment. Doc. 20. Thus, appellant's motion was not timely filed. Since the appellant did not meet the filing requirements of Civ.R. 60(B), we find that the trial court did not abuse its discretion in denying his motion.

{¶10} We also note that arguments raised in the appellant's motion could have been raised in the original action before the trial court granted United Bank's motion for summary judgment. Doc. 20. Ultimately, the proper remedy for the issues raised in appellant's filing of October 5, 2017, was a direct appeal of the initial judgment. However, the record shows that the appellant did not file an appeal of the trial court's judgment of February 13, 2014, and, in so doing, failed to properly and timely pursue this matter further. *Bank of Am., N.A. v. Kuchta*, 141

Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 16 (holding "[i]t is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion."). Thus, the appellant denied himself the opportunity to raise these arguments in this Court when he chose not to appeal the trial court's grant of summary judgment of February 13, 2014. For these reasons, we overrule appellant's first assignment of error.

*Remaining Assignments of Error*

**{¶11}** Since we have found that the trial court did not err in denying appellant's filing, the remaining assignments of error are moot as each of these assignments of error present an issue that could have been raised on direct appeal from the trial court's final judgment of February 13, 2014. For this reason, this Court declines to address the merits of these arguments pursuant to App.R. 12(A)(1)(c).

*Conclusion*

**{¶12}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of Crawford County Municipal Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**