[Cite as *In re Adoption of A.M.Z.*, 2024-Ohio-1240.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# SENECA COUNTY

IN RE:                                        CASE NO. 13-23-21
THE ADOPTION OF:

    A.M.V.

[GREGORY D. - APPELLANT]                      **O P I N I O N**

### Appeal from Seneca County Common Pleas Court
### Probate Division
### Trial Court No. 20225001

### Judgment Affirmed

### Date of Decision:  April 1, 2024

**APPEARANCES:**

    *Jennifer L. Kahler* **for Appellant**

    *Timothy J. Hoover* **for Appellee**

**WILLIAMOWSKI, P.J.**

{¶1} Father-appellant Gregory D. ("Gregory") appeals the judgment of the Probate Division of the Seneca County Court of Common Pleas, alleging that the trial court erred in concluding that he waived his right to counsel and that his consent was not necessary for the adoption to proceed. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} A.M.V. is the biological daughter of Gregory and Atorya H. ("Atorya"). Prior to A.M.V.'s delivery in 2019, Atorya asked her cousin, Chalia V., and her cousin's husband, Marcos V., to be present for the birth. Atorya had used drugs. As a result, A.M.V. required medical treatment at the neonatal intensive care unit after she was born. Since her release from the hospital, A.M.V. has been in the care of Chalia and Marcos (collectively "the Vs").

{¶3} The Vs were awarded legal custody of A.M.V. on July 30, 2020. At that time, Gregory was permitted to have supervised visits with A.M.V. at Harmony House. However, Gregory did not schedule any visits at Harmony House with his daughter after the Vs received legal custody of A.M.V. Since he did not contact Harmony House to continue visitation, he was removed from their schedule after he did not come for three visits. In March of 2021, Gregory pled guilty to two felony drug possession charges and was ordered to serve four years in prison.

**{¶4}** On February 17, 2022, the Vs filed a petition to adopt A.M.V. This petition was amended on April 29, 2022. Since Gregory was indigent, the trial court appointed James Ellis ("Ellis") to represent him. However, on October 17, 2022, Gregory filed a "motion to be pro-se" or to be "relieve[d] of legal representation." (Doc. 79). In response, the trial court found "no defect in Counsel's representation in this matter * * *" and denied his request to discharge Ellis. (Doc. 81).

**{¶5}** On December 16, 2022, Gregory filed another motion to remove Ellis as his counsel. In a related filing, Gregory stated, "I requested and instructed James Ellis III to withdraw from representing me * * *, as I would be going pro-se in such case." (Doc. 100). After examining the situation, the trial court "found lack of good cause to remove" Ellis. (Doc. 156). But two months later, Ellis filed a motion to withdraw, stating that Gregory "has told counsel that he no longer will work with counsel to prepare for the hearing in this matter." (Doc. 101). In a court filing, Gregory also indicated that he had filed a grievance against Ellis. The trial court then removed Ellis from this case and continued the final hearing that had been scheduled in this case for January 10, 2023.

**{¶6}** On January 10, 2023, the trial court appointed Lisa Miller ("Miller") to represent Gregory. The final hearing was ultimately rescheduled for July 14, 2023. On April 10, 2023, Gregory filed a motion to remove Miller as his counsel. He included a copy of a letter he had sent to Miller in which he wrote: "I will no longer speak to you." (Doc. 146). He also filed a copy of the grievance that he was seeking

to file against Miller. After examining the situation, the trial court "found lack of good cause to remove" Miller. (Doc. 156). The trial court also concluded that Gregory's motion to remove Miller as counsel was "wholly without merit * * *." (Doc. 149). But after Miller filed a motion to withdraw in response to the grievance that Gregory had filed, the trial court permitted her to withdraw from this case.

{¶7} Since Gregory indicated that he wanted a new lawyer appointed for him, the trial court sought another attorney to serve as Gregory's counsel. However, the trial court "was unable to secure counsel for" Gregory even though it had "contact[ed] every attorney on the Court-Appointed Counsel List * * *." (Doc. 151). The trial court also contacted the Ohio Public Defender's Office but was told that no available attorneys were qualified in the area of adoption law. The trial court then held a pretrial hearing on May 10, 2023 to address the issue of Gregory's representation.

{¶8} At this hearing, the trial court told Gregory that no lawyer on the court-appointed list was willing and available to take this case. The trial court then informed Gregory that this situation left him with three options: (1) retain a private attorney; (2) proceed *pro se*; or (3) resolve the conflict with Miller and continue with her as his court-appointed counsel. The trial court then explained what self-representation would entail and repeatedly emphasized the hazards of proceeding pro se.

{¶9} Miller appeared at this hearing and conferred with Gregory outside the presence of the trial court. However, Gregory was unwilling to resolve his grievance against Miller. For this reason, the trial court told Gregory that he was left with two options: retain counsel or proceed pro se. The trial court also stated that this matter was going to proceed to the final hearing on the petition on July 14, 2023. The hearing concluded with Gregory stating that he had no questions for the trial court.

{¶10} On May 22, 2023, the trial court issued a judgment entry that stated Gregory "knowingly, voluntarily, and intelligently waived his right to Court-appointed counsel by rejecting Attorneys Ellis and Miller, two competent attorneys." (Doc. 156). Gregory filed a pro se appeal of this judgment entry that was dismissed for lack of a final appealable order. After the May 10, 2023 hearing, Gregory made at least eleven filings with the trial court in a pro se capacity.

{¶11} On July 14, 2023, a hearing was held on the petition. Gregory appeared without counsel and argued that he had not waived his right to counsel. Gregory moved for a continuance. However, the trial court noted that Gregory "hasn't stated that he's waiving counsel, but * * * by and through his actions, has constructively waived counsel." (July 14 Tr. 11-12). The trial court then denied Gregory's motion for a continuance.

{¶12} The trial court then heard testimony from Chalia, Marcos, and Gregory. On August 3, 2023, the trial court issued a judgment entry that granted

the petition for adoption. The trial court found that Gregory's consent to the adoption was not necessary because, in the year preceding the filing of the petition, he had not contacted A.M.V. and had not provided her with any support.

{¶13} Gregory filed his notice of appeal on August 14, 2023. On appeal, he raises the following three assignments of error:

**First Assignment of Error**

**The trial court erred in finding appellant constructively waived his right to counsel in the adoption proceedings.**

**Second Assignment of Error**

**The trial court's determination that appellant's consent to the adoption was not necessary due to failure of support was against the manifest weight of the evidence.**

**Third Assignment of Error**

**The trial court's determination that appellant's consent to the adoption was not necessary due to failure to communicat[e] was against the manifest weight of the evidence.**

For the sake of clarity, we will consider the third assignment of error before the second assignment of error.

*First Assignment of Error*

{¶14} Gregory asserts that he did not constructively waive his right to counsel in this case.

Legal Standard

**{¶15}** "Indigent parents are entitled to counsel in adoption proceedings in probate court as a matter of equal protection of the law under" the Ohio Constitution and the United States Constitution. *Matter of Adoption of Y.E.F*., 163 Ohio St.3d 521, 2020-Ohio-6785, 171 N.E.3d 302, at syllabus. However, a person who has the right to court-appointed counsel generally does not have the right to choose his or her counsel. *State v. Rose*, 3d Dist. Allen No. 1-22-15, 2023-Ohio-1611, ¶ 21.

**{¶16}** "A parent can waive the right to counsel in a parental-termination action." *In re M Children*, 1st Dist. Hamilton No. C-180564, 2019-Ohio-484, ¶ 15. To be valid, such a waiver must be made knowingly, voluntarily, and intelligently. *In re W.J.*, 3d Dist. Logan No. 8-21-29, 2022-Ohio-2449, ¶ 34.

> In addition to an express waiver of counsel, a parent's or legal custodian's waiver of counsel may also be inferred "where 'the total circumstances of the individual case, including the background, experience and conduct of the parent' indicate that the parent has waived the right to counsel." *In re M Children* at ¶ 15, quoting *In re Rachal G.*, 6th Dist. Lucas No. L-02-1306, 2003-Ohio-1041, 2003 WL 863556, ¶ 14.

*In re C Children*, 2023-Ohio-588, 209 N.E.3d 819, ¶ 17 (1st Dist.). "Inferred waivers have been found in circumstances where a parent has repeatedly failed to communicate with counsel or attend scheduled hearings." *W.J.* at ¶ 37, quoting *In re H. Children*, 1st Dist. Hamilton No. C-190630, 2020-Ohio-774, ¶ 25.

> In the criminal context, appellate courts review de novo whether the waiver of the right to counsel was knowing, voluntary, and intelligent. * * * Because it presents an issue of law, we will apply that standard

-7-

of review here. * * * De novo review is an independent review without deference to the trial court.

However, in a parental-termination action, this court has reviewed a trial court's decision on whether to appoint substitute counsel for an abuse of discretion.

(Citations omitted.) *W.J.* at ¶ 35. More than an error of judgment, an abuse of discretion exists where a decision is arbitrary, unreasonable, or capricious. *In re C.C.*, 3d Dist. Marion No. 9-19-21, 2020-Ohio-1189, ¶ 10.

Legal Analysis

**{¶17}** Gregory essentially asserts that the trial court was required to provide him with substitute counsel after he had sought to discharge the previous two attorneys who had been appointed to represent him. He argues that his refusal to continue with his second court-appointed attorney was not conduct that constituted a knowing, voluntary, and intelligent waiver of his right to counsel.

**{¶18}** In this case, the trial court successively appointed Ellis and Miller to represent Gregory. However, Gregory filed motions to discharge both of his court-appointed attorneys that included requests for substitute counsel.

Although an indigent parent is not entitled to representation by her counsel of choice, [he or] she may obtain appointment of substitute counsel if [he or] she meets her burden of demonstrating good cause warranting discharge of prior appointed counsel. * * * A parent may demonstrate good cause for substitution of appointed counsel by proving the existence of 'a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which leads to an apparently unjust result.'

(Citation omitted.) *In re J.B.*, 9th Dist. Summit No. 28717, 2018-Ohio-1814, ¶ 11-12, quoting *State v. Alexander*, 10th Dist. Franklin Nos. 05AP-192, 05AP-245, 2006-Ohio-1298, ¶ 16.

> [H]ostility, tension, or personal conflicts between an attorney and a client that do not interfere with the preparation or presentation of a competent defense are insufficient to justify a change in appointed counsel. * * * Furthermore, '[m]erely because appointed counsel's trial tactics or approach may vary from that which appellant views as prudent is not sufficient to warrant the substitution of counsel.' *State v. Glasure*, 132 Ohio App.3d 227, 239, 724 N.E.2d 1165 (1999).

(Citations omitted.) *Matter of N.R.*, 5th Dist. Fairfield No. 17-CA-10, 2017-Ohio-4257, ¶ 95. "A trial court may deny a request for appointment of substitute counsel if the party's complaint is unreasonable." *J.B.* at ¶ 12.

{¶19} After examining the bases of Gregory's motions, the trial court determined that he had not presented good cause to discharge Ellis or Miller. The trial court then found that Gregory's requests for discharge and substitution of counsel to be without merit. Having examined the relevant filings in the record, we do not conclude that the trial court abused its discretion in reaching these conclusions.

{¶20} However, both Ellis and Miller subsequently made motions to withdraw as counsel after Gregory filed grievances against them and indicated that he would no longer communicate with them. *See H. Children*, *supra*, at ¶ 27. While finding Gregory's grievances to be meritless, the trial court granted Ellis and

Miller's motions to withdraw. *See In re G.F.*, 12th Dist. Butler No. CA2013-12-248, 2014-Ohio-2580, ¶ 37.

**{¶21}** After permitting Miller to withdraw, the trial court sought to accommodate Gregory by attempting to find a third attorney to represent him. But after contacting every lawyer on the court-appointed counsel list and consulting with the Ohio Public Defender's Office, the trial court was unable to locate an attorney who was willing and available to engage in this representation. The trial court then held a pretrial conference two months before the final hearing on the petition for adoption to apprise Gregory and Miller of this situation.

**{¶22}** The trial court informed Gregory that the absence of a third available attorney to serve as court-appointed counsel left him with three options: (1) he could allow Miller to serve as his court-appointed counsel; (2) he could retain private counsel; or (3) he could proceed pro se. *See King v. Bobby*, 433 F.3d 483, 492 (6th Cir. 2006); *U.S. v. Oreye*, 263 F.3d 669, 670 (7th Cir. 2001). The trial court noted that the decision not to continue with Miller as court-appointed counsel would leave Gregory with the remaining two options. *U.S. v. Volpentesta*, 727 F.3d 666, 676 (7th Cir. 2013) (holding that, "where a defendant repeatedly complains of his appointed counsel," the trial court "may give him an ultimatum to either work with his attorneys or represent himself").

**{¶23}** In examining this situation, we note that the trial court had determined that Gregory, through his grievance and motions, had not demonstrated good cause

to discharge Miller and receive substitute counsel. Further, the trial court had also determined that no alternative attorney was willing or available to serve as substitute counsel. Given this context, we conclude that, by giving Gregory the chance to continue with Miller as his counsel, the trial court did afford Gregory an opportunity to be represented by court-appointed counsel. We turn now to examining whether Gregory made a knowing, intelligent, and voluntary waiver of his right to counsel by refusing this offer.

{¶24} After informing Gregory of his three options, the trial court explained what self-representation entailed and repeatedly emphasized the hazards of proceeding pro se. *See In re W.W.E.*, 2016-Ohio-4552, 67 N.E.3d 159, ¶ 47 (10th Dist.). In response to the trial court's questions, Gregory indicated that he understood the described pitfalls of self-representation; that the trial court was "strongly recommend[ing]" that he not proceed pro se; and that he did not have any further questions about self-representation. (May 10 Tr. 16). The trial court's discussion and colloquy with Gregory was sufficient to enable him to make a knowing and intelligent decision regarding the options he had.

{¶25} Further, the trial court gave Gregory the opportunity to confer with Miller in private. But Gregory was unwilling to resolve the grievance against Miller that the trial court had found meritless and that had been the basis of Miller's motion to withdraw. *See State v. Nelson*, 2016-Ohio-8064, 75 N.E.3d 785, ¶ 26-27 (1st Dist.). The trial court informed Gregory that this choice left him with the options

of retaining private counsel or proceeding pro se. *U.S. v. Alden*, 527 F.3d 653, 660-661 (7th Cir. 2008) ("Because competent individuals have a constitutional right to self-representation, a district court cannot force a defendant to proceed with unwanted counsel."). In response, Gregory indicated that he had no questions.

**{¶26}** At the final hearing, Gregory began by requesting court-appointed counsel. *See U.S. v. Nichols*, 77 F.4th 490, 500 (7th Cir. 2023); *U.S. Liounis*, 639 Fed. Appx. 731, 734 (2d Cir. 2016). But this demand does not negate the facts that he did not proceed with the available court-appointed attorney that was offered to him; that the trial court could not locate another available attorney to represent Gregory as an alternative to Miller; and that Gregory's conduct constituted a waiver of his right to counsel in this context. Gregory had a right to court-appointed counsel but not his choice of counsel. *Rose*, *supra*, at ¶ 21.

**{¶27}** The record indicates that the trial court offered Gregory court-appointed counsel and that Gregory effectively chose to refuse this offer. *See State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, 937 N.E.2d 97, ¶ 72, quoting *U.S. v. Garey*, 540 F.3d 1253, 1269 (11th Cir. 2008) ("By rejecting appointed counsel, [the defendant] * * * voluntarily chose to proceed pro se as surely as if he had made an affirmative request to do so."); *Oreye*, *supra*, at 670 (finding that a defendant waived his right to counsel by refusing the court-appointed attorney offered to him).

**{¶28}** By voluntarily rejecting the court-appointed counsel offered to him with full knowledge of his options and their consequences, Gregory left himself no

other avenue but to proceed pro se or retain private counsel. *U.S. v. Kneeland*, 148 F.3d 6, 12 (1st Cir. 1998); *King, supra*, at 492; *U.S. v. Capistrano*, 74 F.4th 756, 776 (5th Cir. 2023) (holding that a defendant's "refusal without good cause to proceed with able appointed counsel constitutes a voluntary waiver of the right to counsel"), quoting *U.S. v. Simpson*, 645 F.3d 300, 308 (5th Cir. 2011); *U.S. v. Turner*, 897 F.3d 1084, 1103-1104 (9th Cir. 2018). Having examined the totality of the circumstances surrounding this case, we do not conclude that the trial court erred in finding that Gregory had, through his conduct, waived his right to counsel. For these reasons, the first assignment of error is overruled.

*Third Assignment of Error*

**{¶29}** Gregory argues that the trial court erred in concluding that he had not engaged in more than de minimis contact with A.M.V. without justifiable cause in the year preceding the filing of the petition.

Legal Standard

**{¶30}** In general, "both of a minor's natural parents must provide written consent prior to the adoption of that minor." *In re Adoption of S.S.*, 2017-Ohio-8956, 101 N.E.3d 527, ¶ 16 (3d Dist.). However, R.C. 3107.07(A) provides the following exceptions to this general rule:

> Consent to adoption is not required of any of the following:
>
> (A) A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable

-13-

> cause to provide more than de minimis contact with the minor *or* to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

(Emphasis added.) Since "R.C. 3107.07(A) is written in the disjunctive," the "failure without justifiable cause to provide *either* more than de minimis contact with the minor *or* maintenance and support for the one-year time period is sufficient to obviate the need for a parent's consent." (Emphasis sic.) *In re Adoption of K.C.*, 3d Dist. Logan No. 8-14-03, 2014-Ohio-3985, ¶ 21.

**{¶31}** In examining whether the natural parent has failed to engage in de minimis contact under R.C. 3107.07(A), the filing of the petition, this Court has historically applied a two-step analysis.[1] First, the trial court must determine whether the petitioner has carried the burden of establishing by clear and convincing evidence that the natural parent, in the year preceding the filing of the adoption petition, has failed to engage in more than de minimis contact with the child. *M.R.W.*, *supra*, at ¶ 21. "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or

---

[1] In a plurality opinion deciding *In re Adoption of A.K.*, the Ohio Supreme Court used a third step to determine whether consent is required where the natural parent has failed to engage in more than de minimis contact with the child. *Id.*, 168 Ohio St.3d 225, 2022-Ohio-350, 198 N.E.3d 47, ¶ 15. This additional step required consideration of whether a no contact order existed. *Id.* at ¶ 18. Since the record contains no indication that a no contact order existed in this case, we decline to engage in the three-step analysis set forth in the plurality opinion in *A.K. See Matter of Adoption of J.R.I.*, 2023-Ohio-475, 209 N.E.3d 93, ¶ 31 (2d Dist.) (declining to follow the three-step test). *See also In re Adoption of M.T.R.*, 5th Dist. Licking No. 2022 CA 00010, 2022-Ohio-2473, ¶ 35; *In re Adoption of D.W.-E.H.,* 8th Dist. Cuyahoga No. 110705, 2022-Ohio-528, ¶ 42; *In re Petition for Adoption of Z.H.*, 2022-Ohio-3926, 199 N.E.3d 1092, ¶ 28-29 (6th Dist.) (following the three-step analysis).

conviction as to the facts sought to be established. *In re Adoption of C.L.Y.*, 3d Dist. Hancock No. 5-21-23, 2022-Ohio-1133, ¶ 9.

**{¶32}** If the trial court determines that the petitioner has met the requisite burden, this finding will not be reversed on appeal in the absence of an abuse of discretion. *M.R.W.*, *supra*, at ¶ 16. An abuse of discretion is more than an error of judgment and is present where the trial court renders a determination that is unreasonable, arbitrary, or unconscionable. *In re Adoption of B.G.F.*, 2018-Ohio-5063, 126 N.E.3d 348, ¶ 25 (3d Dist.). Under this standard, the appellate court is not to substitute its judgment for the one rendered by the trial court. *Schroeder v. Niese*, 2016-Ohio-8397, 78 N.E.3d 339, ¶ 7 (3d Dist.).

**{¶33}** Second, if the petitioner establishes a failure to engage in more than de minimis contact, the trial court must then determine whether the parent had justifiable cause for the failure. *M.R.W.*, *supra*, at ¶ 17. On this point, the natural parent bears the burden of going forward while the petitioner bears the burden of proving by clear and convincing evidence that the parent lacked justifiable cause. *Id*. at ¶ 11. A trial court's finding on the issue of justifiable cause is reviewed under a manifest weight standard. *A.W.R.*, *supra*, at ¶ 17. Thus, if this finding is supported by some competent and credible evidence, it will not be reversed. *In re Adoption of M.G.*, 3d Dist. Shelby No. 17-15-05, 2015-Ohio-5185, ¶ 4.

Legal Analysis

**{¶34}** At the hearing, the testimony of Chalia and Marcos indicated that, in the year preceding the filing of the petition, Gregory had no contact with A.M.V. Chalia and Marcos also stated that the last time Gregory had visited A.M.V. was at Harmony House before they had received legal custody on July 30, 2020. The Vs submitted records from Harmony House to substantiate these claims. Chalia also testified that she told Gregory how he could contact her on Facebook. She also stated that Harmony House and Children's Services had the Vs' address. In its judgment entry, the trial court found that Chalia and Marcos gave credible testimony.

**{¶35}** During his testimony, Gregory admitted that, in the year preceding the filing of the petition on February 21, 2022, he did not send a letter, send an email, or make a phone call to A.M.V. Gregory explained that the reason for this lack of communication was that he did not have any way to contact A.M.V. In its judgment entry, the trial court concluded that Gregory's testimony was not credible. *See also L.S., supra,* at *¶* 37 (holding that incarceration alone does not provide justifiable cause for the failure to engage in more than de minimis contact); *In re Adoption of R.M.Z.*, 2d Dist. Montgomery No. 23511, 2009-Ohio-5627, ¶ 21.

**{¶36}** In conclusion, the record contains no indication that the trial court abused its discretion in determining that the petitioners had clearly and convincingly established that Gregory had failed to contact A.M.V. in the year preceding the

-16-

filing of the petition. Further, some competent, credible evidence supports the trial court's finding that this lack of communication occurred without justifiable cause. For these reasons, the third assignment of error is overruled.

*Second Assignment of Error*

**{¶37}** Gregory argues that the trial court erred by concluding that he had not provided support to A.M.V. in the year preceding the filing of the petition and that his consent to the adoption was not, therefore, necessary.

Legal Standard

**{¶38}** "Appellate courts are to 'decide each assignment of error' raised on appeal 'unless an assignment of error is made moot by a ruling on another assignment of error * * *.'" *Durfor v. West Mansfield Conservation Club*, 3d Dist. Logan No. 8-21-26, 2022-Ohio-416, ¶ 39, quoting App.R. 12(A)(1)(c). "An issue is moot when it 'involve[s] no actual genuine, live controversy, the decision of which can definitely affect existing legal relations.'" *Sullinger v. Reed*, 2021-Ohio-2872, 178 N.E.3d 29, ¶ 52 (3d Dist.), quoting *Culver v. City of Warren*, 84 Ohio App. 373, 83 N.E.2d 82 (7th Dist. 1948), quoting Borchard, Declaratory Judgments, at 35 (2d Ed. 1941). "Put differently, an assignment of error is moot when an appellant presents issues that are no longer live as a result of some other decision rendered by the appellate court." *Sullinger* at ¶ 52, quoting *State v. Gideon*, 165 Ohio St.3d 156, 2020-Ohio-6961, 176 N.E.3d 720, ¶ 26.

Legal Analysis

**{¶39}** Under R.C. 3107.07(A), "a failure without justifiable cause to provide *either* more than de minimis contact with the minor *or* maintenance and support for the one-year time period is sufficient to obviate the need for a parent's consent." *K.C.*, *supra*, at ¶ 21. In the previous assignment of error, we determined that the petitioners had established that Gregory failed to engage in more than de minimis contact with A.M.V. in the year preceding the filing of the adoption petition. This conclusion alone provides a sufficient basis for the adoption of A.M.V. to proceed without Gregory's consent. Thus, we do not need to consider whether he failed to provide maintenance and support to A.M.V. in the year preceding the filing of the adoption petition to decide this appeal. Since the resolution of the third assignment of error renders the issues raised herein moot, we decline to address the arguments in the third assignment of error pursuant to App.R. 12(A)(1)(c).

*Conclusion*

**{¶40}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Probate Division of the Seneca County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and MILLER, J.J., concur.**

**/hls**