OPINION
{¶ 1} Defendant-appellant Kirk J. Pelger appeals the February 14, 2004 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division in favor of plaintiff-appellee Valerie Pelger.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties were married on May 4, 1985, and two children were born as issue of the marriage: Jessica, d.o.b. August 12, 1989, and Kyle, d.o.b. April 12, 1985.
 {¶ 3} Appellee is 42 years old. She has a high school education and is employed as a manager at Giant Eagle. In 2003, appellee earned $28,374. She has a 401K plan, a pension plan through her employer, and a Roth IRA. Her employer provides medical insurance.
 {¶ 4} Appellant is 42 years old. He is employed as a driver for United Parcel Service. In 2003, he earned $56,112. He has a 401K plan through UPS, a pension plan provided by his union, and a Roth IRA.
 {¶ 5} On January 26, 2004, appellee filed a complaint for divorce in the Stark County Court of Common Pleas, Domestic Relations Division. The matter proceeded to trial on November 10, 2004. Via Magistrate's Decision on November 30, 2004, the magistrate ordered appellant pay spousal support of $620 per month for six years and six months. The magistrate further determined appellee would be entitled to the income tax exemption for the parties' younger child, and the parties would alternate the exemption for their older child. Finally, the magistrate ordered appellant pay disputed medical bills.
 {¶ 6} Appellant filed objections to the Magistrate's Decision. Following a hearing, the trial court denied the objections, via Judgment Entry, on February 14, 2005.
 {¶ 7} Appellant now appeals, assigning as error:
 {¶ 8} I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN CRAFTING ITS CHILD SUPPORT AWARD BECAUSE IT FAILED TO REFLECT APPELLANT'S SPOUSAL SUPPORT PAYMENTS.
 {¶ 9} II. THE TRIAL COURT ABUSED ITS DISCRETION IN CRAFTING ITS AWARD OF SPOUSAL SUPPORT BECAUSE IT CAUSED APPELLANT'S EXPENSES TO EXCEED HIS INCOME.
 {¶ 10} III. THE TRIAL COURT ABUSED ITS DISCRETION IN DECIDING WHICH PARTY IS ENTITLED TO CLAIM THE CHILDREN AS DEPENDENTS FOR INCOME TAX PURPOSES.
 {¶ 11} IV. THE TRIAL COURT ERRED IN ORDERING APPELLANT TO PAY MEDICAL BILLS, THE EXISTENCE OF WHICH WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
 I {¶ 12} In his first assignment of error, appellant argues the trial court erred in calculating his child support obligation, because it failed to include appellant's spousal support payments. We agree.
 {¶ 13} At trial, appellant argued against an award of spousal support to appellee; accordingly, the child support worksheet proffered by appellant did not include monies paid as spousal support. The trial court utilized appellant's worksheet in calculating appellant's child support obligation but also awarded appellee spousal support.
 {¶ 14} Pursuant to R.C. 3119.02, the trial court should have subtracted the spousal support award from appellant's income when calculating his child support obligation. Likewise, the spousal support award should have been included in the calculation of appellee's gross income, pursuant to R.C. 3119.07(C)(7).
 {¶ 15} Accordingly, we sustain appellant's assignment of error, and remand the matter to the trial court to recalculate the child support award.
 II {¶ 16} In the second assignment of error, appellant maintains the trial court erred in calculating his spousal support obligation.
 {¶ 17} Based upon our disposition of the first assignment of error, we sustain appellant's second assignment of error. This Court addressed this issue in Glassner v. Glassner (2005), 160 Ohio App.3d 648. InGlassner, on cross-appeal the appellee argued the trial court's award of $1,800 a month in spousal support to the appellant was based, in part, on the trial court's decision not to require appellee to pay child support to appellant. This Court held child support, as a "court-ordered payment," is a relevant factor in determining spousal support. R.C.3105.18(C)(1)(i). Accordingly, based on the decision to remand this matter with respect to child support, this Court ordered the trial court must also reconsider, on remand, the award of spousal support to appellant.
 {¶ 18} As in Glassner, we have remanded this matter to the trial court to recalculate child support, because the determination/calculation of spousal support and child support are interrelated, we also reverse the trial court's award of spousal support and remand that portion for re-determination in light of our disposition of appellant's first assignment of error.
 {¶ 19} Appellant's second assignment of error is sustained.
 III {¶ 20} In the third assignment of error, appellant argues the trial court abused its discretion in deciding which party was entitled to claim the children as dependents for income tax purposes. Specifically, appellant asserts he would receive a greater tax advantage, thereby increasing the advantage to the children.
 {¶ 21} Our standard of review is abuse of discretion. Accordingly, we must find the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 22} R.C. 3119.82, states:
 {¶ 23} "If the parties do not agree, the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only ifthe court determines that this furthers the best interest of thechildren and, with respect to orders the court modifies, reviews, or reconsiders, the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents. In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in makingits determination, any net tax savings, the relative financialcircumstances and needs of the parents and children, the amount of timethe children spend with each parent, the eligibility of either or bothparents for the federal earned income tax credit or other state or federaltax credit, and any other relevant factor concerning the best interest ofthe children.
 {¶ 24} R.C. § 3119.82 (emphasis added.)
 {¶ 25} In Nist v. Nist (June 18, 2003), Delaware App. No. 02CAF11060, this court held:
 {¶ 26} "Based on the foregoing, we find that the trial court did not abuse its discretion in awarding the income tax exemption to appellee since such decision was not arbitrary, unconscionable or unreasonable. While appellant is in a higher tax bracket and would realize greater tax savings if the exemption were awarded to him, R.C. 3119.82, which became effective March 22, 2001, increases the court's discretion in determining best interests "to a level beyond that of merely net tax savings." SeeReichman v. Reichman, Tusc.App. No. 2001 AP 12 0112, 2002-Ohio-4712,
citing Tarr v. Walter, Jefferson App. No. 01JE7, 2002-Ohio-3188."
 {¶ 27} Upon review of the record, and when considering all the statutory factors, we do not find appellant has affirmatively demonstrated the trial court abused its discretion in deciding this issue.
 {¶ 28} Appellant's third assignment of error is overruled.
 IV {¶ 29} In the fourth assignment of error, appellant maintains the trial court erred in ordering appellant pay medical bills, the existence of which was contrary to the manifest weight of the evidence.
 {¶ 30} We will not reverse a judgment as being against the manifest weight the evidence if there is some competent, credible evidence going to all the essential elements of the case. C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279.
 {¶ 31} The trial court ordered appellant pay $496.80 towards medical bills incurred by the parties' children as required by temporary orders. The trial court relied upon appellee's Exhibit 38, summarizing the medical bills and attaching copies of some of the bills. Further, appellee conceded at trial the inclusion of a $75.00 medical bill from Canton Pediatrics for services rendered prior to the temporary orders was in error.
 {¶ 32} Upon review, we find the trial court's award to be supported by competent, credible evidence, with the sole exception of the Canton Pediatrics bill appellee conceded was improperly considered.
 {¶ 33} Accordingly, the fourth assignment of error is sustained in part as to the Canton Pediatrics bill but affirmed as to the other medical bills.
 {¶ 34} The February 14, 2005 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division is affirmed in part, reversed in part, and remanded for further proceedings in accordance with our opinion and the law.
Hoffman, J., Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings in accordance with our opinion and the law. Costs to be divided.