[Cite as *Kane v. Kane*, 2014-Ohio-2037.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

KAREN A. KANE

    Appellee

    v.

SCOTT R. KANE

    Appellant

C.A. No. 26781

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No. 2004-06-2353

DECISION AND JOURNAL ENTRY

Dated: May 14, 2014

MOORE, Presiding Judge.

{¶1} Defendant-Appellant, Scott R. Kane ("Father"), appeals from the January 8, 2013 judgment entry of the Summit County Court of Common Pleas. We reverse and remand.

I.

{¶2} Father and Karen A. Kane's ("Mother") marriage was dissolved by a Decree of Dissolution in 2004. At the time of their dissolution, the parties had four minor children: E.K., born November 14, 1988, J.K., born December 8, 1992, A.K., born March 15, 1994, and L.K., born March 11, 1999. The child support computation worksheet attached to the Shared Parenting Plan listed Father's total adjusted annual gross income as $87,547, and Mother's total annual adjusted gross income as $26,126, for a combined total annual gross income of $113,673. Additionally, pursuant to R.C. 3119.23 and R.C. 3119.24, an upward deviation of $8,407 was ordered "[t]o enable [M]other and children to remain in [the] marital residence." As such,

Father's total child support obligation was calculated at $2,200 per month, plus 2% processing charge.

{¶3}    In May of 2007, Summit County Child Support Enforcement Agency ("CSEA") determined that Father's child support obligation for E.K. should terminate in June 2007, because E.K. will have: (1) attained the age of 18, and (2) graduated from high school. CSEA also recommended that ongoing support for the parties' remaining three children be set at $1650 per month.    A child support computation worksheet indicated that Father's adjusted annual gross income had increased to $111,352.04, and Mother's adjusted annual gross income had increased to $43,116.42, for a combined income of $154,468.46.    Based upon these dollar amounts, Father's revised monthly child support obligation, for the parties' *three* minor children, was calculated at $1,582.12, plus 2% processing charge.[1]    The prior upward "deviation" of $8,407 was not reflected on this worksheet.

{¶4}    Mother requested a hearing before the trial court regarding CSEA's recommended adjustment to child support. After a full hearing, a magistrate found that "[p]ursuant to [R.C.] 3119.22 it is unjust and inequitable, and not in the children's best interest to set support at the guideline level," because "there is still a substantial disparity between the parties' incomes." As such, the magistrate set child support at $2,200 per month, plus 2% processing charge. Father objected to the magistrate's decision.

{¶5}    In overruling Father's objections, the trial court stated:

> The record reveals that the income of [Father] is $117,598 and the income of Mother is $40,426 [not including spousal support]. There is a clear disparity of income, as noted by the [m]agistrate in her [d]ecision- [Father] earns almost three times the amount that [Mother] earns. Further, the children are entitled to enjoy the same standard of living that they enjoyed since the parties' marriage

---

[1] It is unclear from the record whether CSEA or one of the parties prepared the child support computation worksheet.

terminated. The parties agree to increased child support * * * to enable [][Mother] and children to stay in the marital residence. These facts justify a deviation from the child support guideline amount.

As such, the trial court ordered monthly child support in the amount of $2,200, plus 2% processing charge.[2]

{¶6} Father did not appeal from this decision.

{¶7} In June of 2010, J.K., the parties' second child, emancipated due to turning eighteen and graduating from high school. CSEA reviewed the matter and determined that child support should remain at $2,200 per month for the parties' two remaining minor children. Father requested a review of the administrative order, and the magistrate found, among other things, that in 2010, Father's adjusted gross income was $151,134, and Mother's adjusted gross income was $46,072. Father filed objections/supplemental objections to the magistrate's decision regarding child support.

{¶8} In overruling these objections, the trial court stated:

At the time of the divorce, as at present, the $2,200 monthly child support obligation represented an upward deviation from guideline level support. In order to be valid, the reasons for the deviation must be specified. The magistrate presented a well-reasoned argument which applies the statutory factors. The court finds no abuse of discretion or error of law in the magistrate's decision, nor in the decision of the CSEA hearing officer[.]

{¶9} Father appealed, raising four assignments of error for our review. We have rearranged Father's assignments of error in order to facilitate our discussion.

---

[2] The trial court attached a child support computation worksheet to its decision listing Father's adjusted annual gross income at $111,352.04, and Mother's adjusted annual gross income at $39,516.42, for a combined income of $150,868.46.

II.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO PROPERLY CONSIDER THE FACTORS CONTAINED IN R.C. 3119.23 WHEN DEVIATING FROM THE BASIC GUIDELINE WHICH RESULTED IN THE COURT ISSUING A DEFACTO SPOUSAL SUPPORT MODIFICATION.

{¶10} In his second assignment of error, Father argues that the trial court failed to properly consider the factors set forth in R.C. 3119.23 when deviating upward from guideline child support. Specifically, Father argues that the trial court should not have considered Mother's argument that "the parties bargained for substantially less spousal support at the time of the divorce with the understanding that there would be an upward deviation on the child support" as a R.C. 3119.23 factor for deviation. Based upon our careful review of the record, we agree that the trial court improperly considered R.C. 3119.23 in deviating upward from guideline child support, but for different reasons than those stated in Father's appellate brief.

{¶11} "The purpose of child support is to meet the needs of the minor children." *Irish v. Irish*, 9th Dist. Lorain No. 10CA009810, 2011-Ohio-3111, ¶ 13, citing *Carnes v. Kemp,* 104 Ohio St.3d 629, 2004-Ohio-7107, ¶ 10, citing *Park v. Ambrose*, 85 Ohio App.3d 179, 183 (4th Dist.1993), fn.1. "Those needs include, shelter, food, clothing and ordinary medical care." *Irish* at ¶ 13, citing *In re Marriage of Stearns*, 88 Ohio App.3d 264, 275 (10th Dist.1993). Further, "[t]he child support system is designed to protect the children and their best interests." *Irish* at ¶ 13, citing *Richardson v. Ballard,* 113 Ohio App.3d 552, 555 (12th Dist.1996).

{¶12} Generally, "child support is calculated using the worksheet provided in R.C. 3119.022 with reference to the basic child support schedule set forth in R.C. 3119.021." *Bajzer v. Bajzer*, 9th Dist. Summit No. 25635, 2012-Ohio-252, ¶ 5. Further, "[a] child support

computation worksheet, required to be used by a trial court in calculating the amount of an obligor's child support obligation * * *, must actually be completed and made a part of the trial court's record." *Marker v. Grimm*, 65 Ohio St.3d 139 (1992), paragraph one of the syllabus.

{¶13} "[W]hen the combined gross income of the parents exceeds $150,000, however, child support is determined under R.C. 3119.04(B)," stating:

> If the combined gross income of both parents is greater than one hundred fifty thousand dollars per year, the court * * * shall determine the amount of the obligor's child support obligation on a case-by-case basis and shall consider the needs and the standard of living of the children who are the subject of the child support order and of the parents. The court * * * shall compute a basic combined child support obligation that is no less than the obligation that would have been computed under the basic child support schedule and applicable worksheet for a combined gross income of one hundred fifty thousand dollars, unless the court * * * determines that it would be unjust or inappropriate and would not be in the best interest of the child, obligor, or obligee to order that amount.

*Bajzer* at ¶ 5, quoting R.C. 3119.04(B). As such, "[t]he level of support for a combined gross income of $150,000 is the starting point from which a trial court exercises its discretion in fashioning a child support award for parents with higher incomes." *Bajzer* at ¶ 5, citing R.C. 3119.04(B).

{¶14} "[W]hen the income of the parents is greater than $150,000, the appropriate standard for the amount of child support is 'that amount necessary to maintain for the children the standard of living they would have enjoyed had the marriage continued.'" *Bajzer* at ¶ 6, quoting *Berthelot v. Berthelot,* 154 Ohio App.3d 101, 2003-Ohio-4519, ¶ 24 (9th Dist.), quoting *Birath v. Birath*, 53 Ohio App.3d 31, 37 (10th Dist.1988). This determination is within the discretion of the trial court, and we review it for an abuse of that discretion. *See, e.g., Peters v. Peters,* 9th Dist. Lorain Nos. 03CA008306, 03CA008307, 2004-Ohio-2517, ¶ 39-41.

{¶15} Further, "[d]ownward deviations from that minimum require a determination 'that it would be unjust or inappropriate and would not be in the best interest of the child, obligor, or

obligee to order that amount.'" *Bajzer* at ¶ 5, quoting R.C. 3119.04(B). "Support awards in excess of that minimum, however, are anticipated by R.C. 3119.04(B) and are not deviations." *Bajzer* at ¶ 5, citing *Freeman v. Freeman,* 9th Dist. Wayne No. 07CA0036, 2007-Ohio-6400, ¶ 22, citing *Guertin v. Guertin,* 10th Dist. Franklin No. 06AP-1101, 2007-Ohio-2008, ¶ 6. *See also Zeitler v. Zeitler,* 9th Dist. Lorain No. 04CA008444, 2004-Ohio-5551, ¶ 11 ("[U]nder R.C. 3119.04(B) there is no basis for 'deviation,' as the R.C. 3119.04(B) method prescribes that child support is to be set based on the qualitative needs and standard of living of the children and parents, not exacting calculations and deviations.").

**{¶16}** Here, the record reveals that, as of 2010, Father's adjusted annual gross income increased from $111,352.04 to $151,134, while Mother's adjusted annual gross income increased from $39,516.42 to $46,072, for a combined adjusted annual gross income of $197,206.[3] Clearly, the parties' 2010 combined incomes are over $150,000, triggering R.C. 3119.04(B). After J.K. emancipated, neither the magistrate nor the trial court reviewed this matter pursuant to R.C. 3119.04(B).[4] Instead, the magistrate and trial court improperly based the upward "deviation" from guideline support upon some of the R.C. 3119.23 factors, including, (C), other court ordered payments, (G), disparity in incomes, (K), relative financial resources, other assets and resources and needs of each parent, (L), standard of living and circumstances of each parent, and standards of living the children would have enjoyed had the marriage continued, and (P), any other relevant factor (Mother's contention that the parties bargained for less spousal support because there would be an upward deviation in child support).

---

[3] In her findings, the magistrate listed the above-stated income amounts for 2010, and the parties did not object.

[4] We note that in 2008, the parties' combined adjusted annual gross income was also over $150,000, at $150,868.46.

{¶17} However, we cannot discern from the record whether the magistrate, or trial court, ever calculated the minimum required amount of child support by computing "a basic combined child support obligation that is no less than the obligation that would have been computed under the basic child support schedule and applicable worksheet for a combined gross income of one hundred fifty thousand dollars." R.C. 3119.04(B).

{¶18} As such, it is impossible for this Court to determine whether: (1) $2,200 is the minimum amount of child support required for the parties' remaining minor children[5] pursuant to R.C. 3119.04(B), (2) $2,200 is higher than the minimum support requirement and based upon the "qualitative needs and standard of living of the children and parents," or (3) $2,200 is, in fact, a downward deviation from the minimum required support because "it would be unjust or inappropriate and would not be in the best interest of the child, [Father], or [Mother] to order that amount." *Zeitler*, 2004-Ohio-5551, at ¶ 11; *Bajzer*, 2012-Ohio-252, at ¶ 5.

{¶19} Therefore, we conclude that the trial court improperly applied R.C. 3119.23 to justify a "deviation" from guideline support without first calculating the minimum amount of child support due for the parties' remaining minor children, which is required by R.C. 3119.04(B). *See Melick v. Melick*, 9th Dist. Summit No. 26488, 2013-Ohio-1418, ¶ 27 (stating: "Because Revised Code Section 3119.04(B) bases the child support amount on the needs of the child and the parents rather than 'exacting calculations and deviations,' *so long as the support is greater than the $150,000 equivalent*, there is no true starting point for deviation.'" (Emphasis added.)), citing *Zeitler* at ¶ 11. "Revised Code Section 3119.04(B) does not, however, prevent consideration of the [R.C. 3119.23] factors normally applicable when the trial court *finds*

_____

[5] The record indicates that A.K., the parties' third child, was scheduled to emancipate as of May 15, 2012.

*[downward] deviation appropriate* [from the minimum required amount]." (Emphasis added.)

*Melick* at ¶ 27.

{¶20} Accordingly, Father's second assignment of error is sustained.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN BASING ITS [RULING] ON OHIO REVISED CODE 3119.23 WITHOUT FIRST DETERMINI[N]G SUPPORT BASED ON THE BASIC CHILD SUPPORT SCHEDULE.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AS A MATTER OF LAW AND FACT IN FAILING TO REDUCE [FATHER'S] MONTHLY SUPPORT OBLIGATION UPON EMANCIPATION BASED ON THE AGREEMENT OF THE PARTIES[.]

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED AS A MATTER OF LAW AND FACT IN FAILING TO REDUCE [FATHER'S] MONTHLY SUPPORT OBLIGATION UPON EMANCIPATION[.]

{¶21} Based upon our resolution of the second assignment of error, Father's first, third and fourth assignments of error are moot and we decline to address them.

III.

{¶22} In sustaining Father's second assignment of error, and deeming Father's first, third and fourth assignments of error moot, the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed and this cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
CARLA MOORE
FOR THE COURT

HENSAL, J.
CONCURS.

BELFANCE, J.
CONCURRING IN JUDGMENT ONLY.

{¶23} I concur in the majority's decision to reverse the judgment of the trial court because the record does not contain a completed current child support worksheet.

{¶24} The Supreme Court of Ohio has been very clear that "[a] child support computation worksheet, required to be used by a trial court in calculating the amount of an obligor's child support obligation * * *, must actually be completed and made a part of the trial court's record." *Marker v. Grimm,* 65 Ohio St.3d 139 (1992), paragraph one of the syllabus.

"The responsibility to ensure that the calculation is made using the schedule and worksheet rests with the trial court." *Id.* at 142.

{¶25} In cases involving parents with combined gross incomes greater than $150,000, the trial court or agency is required to

> compute a basic combined child support obligation that is no less than the obligation that would have been computed under the basic child support schedule and applicable worksheet for a combined gross income of one hundred fifty thousand dollars, unless the court or agency determines that it would be unjust or inappropriate and would not be in the best interest of the child, obligor, or obligee to order that amount.

R.C. 3119.04(B).

{¶26} Thus, even in cases involving incomes greater than $150,000, in which child support awards are determined on a case-by-case basis, *see id.,* information from a completed child support worksheet provides a valuable starting point for both the trial and appellate courts. *See id.* Absent a completed child support worksheet, this Court is unable to effectively review the merits of the trial court's child support award. *See Marker* at 142.

{¶27} The majority's analysis acknowledges the problems created by the absence of a current child support worksheet in the record but reverses on an alternate basis. Because I agree that this matter must be reversed, I concur in the majority's judgment.

APPEARANCES:

LARRY D. SHENISE, Attorney at Law, for Appellant.

GARY M. ROSEN, Attorney at Law, for Appellee.