[Cite as *Pelger v. Pelger*, 2019-Ohio-1280.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STACY J. PELGER,

  PLAINTIFF-APPELLEE,

    CASE NO. 8-18-36

  v.

MICHAEL M. PELGER,    **O P I N I O N**

  DEFENDANT-APPELLANT.

**Appeal from Logan County Common Pleas Court
Domestic Relations Division
Trial Court No. DR 13-09-0147**

**Judgment Affirmed in Part, Reversed in Part and Cause Remanded**

**Date of Decision:  April 8, 2019**

**APPEARANCES:**

 *Jay M. Lopez* **for Appellant**

 *S. Todd Brecount* **for Appellee**

**WILLAMOWSKI, J.**

{**¶1**} Defendant-appellant Michael M. Pelger, Jr. ("Michael") appeals the judgment of the Domestic Relations Division of Logan County Court of Common Pleas, challenging the trial court's decisions on child support, spousal support, and attorney's fees. For the reasons set forth below, the judgment of the trial court is affirmed in part and reversed in part.

*Facts and Procedural History*

{**¶2**} Michael married Stacy J. Pelger ("Stacy") on July 2, 1994. Doc. 1. Stacy filed for a divorce on September 27, 2013. Doc. 1. Three children were issue of this marriage. Doc. 1. By the time of the divorce decree, two of the three children had reached the age of majority. Doc. 328. On January 9, 2015, the magistrate filed his decision on this matter. Doc. 131. In response to a request from Michael, the magistrate filed supplemental findings of fact and conclusions of law on July 27, 2015. Doc. 139, 168.

{**¶3**} In these filings, the magistrate found that Michael makes $179,445.09 in gross annual income while Stacy makes $13,790.40. Doc. 168. On the basis of these figures, the magistrate determined that Michael should pay $2,400.00 per month in spousal support, which amounts to $28,800.00 per year. Doc. 131, 168. The magistrate determined that the spousal support should continue for five years after the date of the divorce decree. Doc. 168.

**{¶4}** The magistrate then used these gross annual income figures to complete the child support computation worksheet that is provided in Chapter 3119 of the Ohio Revised Code. Doc. 168. However, the magistrate did not subtract the $28,800.00 in annual spousal support from Michael's gross income. Doc. 168. Further, the magistrate did not add the amount of the spousal support award to Stacy's annual gross income. Doc. 168. The magistrate then determined the appropriate level of child support for Michael to pay Stacy. Doc. 168. In the divorce decree, the trial court adopted the magistrate's figures without modifications. Doc. 328.

**{¶5}** During the course of this litigation, Stacy requested attorney's fees. Doc. 178. Stacy submitted documentation that showed the attorney's fees she had incurred were larger than her annual gross income as calculated in the child support computation worksheet. Doc. 178, 168. The magistrate found that Stacy "could not financially litigate this action without an award of attorney fees." Doc. 168. The trial court subsequently determined that an award of attorney's fees was appropriate and ordered the parties to "add their Attorney Fees and divide that total pursuant to the percentages of their combined incomes as listed in the Child Support Computation Worksheet * * *." Doc. 328.

**{¶6}** The trial court entered a divorce decree on July 20, 2018. Doc. 328. Appellant filed his notice of appeal on July 20, 2018. Doc. 340. On appeal, Michael raises the following three assignments of error:

**First Assignment of Error**

**The trial court erred in calculating the amount of child support Appellant is obligated to pay Appellee.**

**Second Assignment of Error**

**The trial court erred in determining the effective date of spousal support.**

**Third Assignment of Error**

**The trial court erred in awarding attorney fees to appellee and in calculating attorney fees awarded to appellee.**

*First Assignment of Error*

{¶7} Michael alleges that the trial court made an error in the process of filling out the child support worksheet. He argues that this error results in him overpaying roughly $700.00 each month in child support.

Legal Standard

{¶8} Chapter 3119 of the Ohio Revised Code outlines three different procedures for determining an appropriate level of child support "based on three distinct tiers of the parties' annual aggregate gross income: (1) less than $6,600; (2) between $6,600 and $150,000; and (3) greater than $150,000." *Zeitler v. Zeitler*, 9th Dist. Lorain No. 04CA008444, 2004-Ohio-5551, ¶ 8, citing R. C. 3119.02 and R.C. 3119.04(A), (B).

> **For the first tier, less than $6,600: the court is to determine the appropriate child support on a case-by-case basis considering qualitative factors and considering the calculation worksheet as a guide; that is, the court is not required to apply the worksheet**

-4-

**results. R.C. 3119.04(A). For the second tier, between $6,600 and $150,000: 'the court * * * shall calculate the amount of the obligor's child support obligation in accordance with the basic child support schedule, the applicable worksheet, and the other provisions'; that is, the court must use and apply the worksheet. R.C. 3119.02. For the final tier, above $150,000: the court once again determines the appropriate child support on a case-by-case basis, and again is not required to apply the calculation worksheet. R.C. 3119.04(B). Use of the worksheet in this tier is directed to calculating a hypothetical child support amount that is equivalent to the amount an obligor would pay if the couple had an aggregate gross income of $150,000 or more (hereafter referred to as 'the $150,000-equivalent'). In this third tier, the court is bound by three requirements: (1) set the child support amount based on the qualitative needs and standard of living of the children and parents; (2) ensure that the amount set is not less than the $150,000-equivalent, unless awarding the $150,000-equivalent would be inappropriate (i.e., would be too much); and (3) if it decides the $150,000-equivalent is inappropriate or unjust (i.e., awards less), then journalize the justification for that decision. R.C. 3119.04(B).**

*Id.* Thus, the trial court is required to calculate the gross income of the parents in the process of determining the child support obligation. R.C. 3119.05.

{¶9} "[C]ourt-ordered spousal support payments should be included in the relevant lines in the child support worksheet." *Foy v. Foy*, 9th Dist. Medina No. 14CA0113-M, 2016-Ohio-242, ¶ 20. This includes spousal support "ordered and anticipated to be paid in the instant, subject order." *Worley v. Worley*, 5th Dist. Licking No. 06-CA-63, 2007-Ohio-252, ¶ 26.[1] "[T]he child support computation

---

[1] This Fifth District case noted that R.C. 3119.07(C)(7) defines "gross income" as including spousal support "actually received." *Worley, supra*, at ¶ 26, quoting R.C. 3119.07(C)(7). Thus, the spousal support to be included in calculating gross annual income would appear to be based on past payments of child support. However, numerous courts have determined that the calculation of gross annual income should include the value of a spousal support award as ordered in the divorce decree. *Posadny v. Posadny*, 2d Dist. Montgomery No. 18906, 2002-Ohio-935; *Pelger v. Pelger*, 5th Dist. Stark No. 2005CA00075, 2005-Ohio-6067, ¶ 14;

worksheet in R.C. 3119.022 provides for such an adjustment": the obligor's spousal support payments are to be subtracted from his or her annual gross income on line ten, and the obligee's spousal support receipts are added to his or her annual gross income on line six. *Wilkerson v. Wilkerson,* 12th Dist. Butler No. CA2004-02-043, CA2004-02-046, 2005-Ohio-1236, ¶ 9. After determining the gross annual income of the parents, the trial court is to use the "[t]he level of support for a combined gross income of $150,000 [as] the starting point from which a trial court exercises its discretion in fashioning a child support award for parents with higher incomes." *Kane v. Kane*, 9th Dist. Summit No. 26781, 2014-Ohio-2037, ¶ 13.

{¶10} "A trial court has considerable discretion related to the calculation of child support, and, absent an abuse of discretion, an appellate court will not disturb a child support order." *Stocker v. Stocker*, 3d Dist. Hancock No. 5-17-11, 2017-Ohio-8434, ¶ 24, quoting *Clark v. Clark*, 3d Dist. Henry No. 7-15-09, 2015-Ohio-3818, ¶ 28. "An abuse of discretion is more than an error of judgment; rather, it implies that the trial court's decision was unreasonable, arbitrary, or capricious." *Schroeder v. Niese*, 2016-Ohio-8397, 78 N.E.3d 339, ¶ 7 (3d Dist.), quoting *Heilman v. Heilman*, 3d Dist. Hardin No. 6-12-08, 2012-Ohio-5133, ¶ 14. "When applying the abuse of discretion standard of review, this court is not free merely to substitute its judgment for that of the trial court." *Siferd v. Siferd*, 3d Dist. Hancock

---

*Zimon v. Zimon*, 9th Dist. Medina No. 04CA0034-M, 2005-Ohio-271, ¶ 8; *Tuttle v. Tuttle*, 12th Dist. Butler No. CA2006-07-176 and CA2006-07-177, 2007-Ohio-6743, ¶ 16.

No. 5-18-05, 2018-Ohio-3616, ¶14, quoting *Kreitzer v. Anderson*, 157 Ohio App.3d 434, 2004-Ohio-3024, 811 N.E.2d 607, ¶ 16 (3d Dist.).

Legal Analysis

{¶11} In this case, the trial court ordered that Michael pay Stacy $2,400.00 per month in spousal support, making his annual obligation $28,800.00. Doc. 328. In the child support computation worksheet, the trial court entered the gross annual income for Michael as being $179,445.09. Doc. 328. However, the trial court failed to subtract the $28,800.00 a year in spousal support that Michael was ordered to pay Stacy. Doc. 328. Similarly, the trial court entered the gross income for Stacy as being $13,790.40, but failed to add the $28,800.00 in spousal support that she was going to receive from Michael. Doc. 328. "[T]he trial court should have subtracted the spousal support award from appellant's income when calculating his child support obligation." *Pelger, supra*, ¶ 14. Further, "the spousal support award should have been included in the calculation of [Stacy's] gross income * * *." *Id.*

{¶12} We find that the trial court abused its discretion in failing to deduct the amount of spousal support from Michael's gross annual income in line ten of the worksheet and in failing to add the amount of spousal support to Stacy's gross annual income in line six of the worksheet. *Wolf-Sabatino v. Sabatino*, 10th Dist. Franklin No. 12AP-1042, 2014-Ohio-1252, ¶ 26. The trial court must then reevaluate the child support award in accordance with R.C. 3119.04(B). We decline to issue a ruling on the amount of child support before the trial court has corrected

the worksheet and reassessed the award of child support in light of these income corrections. For these reasons, Michael's first assignment of error is sustained.

*Second Assignment of Error*

**{¶13}** Michael challenges the trial court's decision to have his spousal support obligation begin on the date of the divorce decree and continue for five years. Michael requests that his spousal support obligation have an effective start date no later than January 9, 2015 with no arrearage owed.[2]

Legal Standard

**{¶14}** A party to a divorce proceeding may request an award of spousal support. R.C. 3105.18(B). R.C. 3105.18(C) "sets forth the factors that a trial court must consider in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support." *Arthur v. Arthur*, 3d Dist. Shelby No. 17-11-28, 2012-Ohio-1893, ¶ 15. "In making a spousal support award, a trial court must 'consider all of the relevant factors in [R.C. 3105.18] * * * then weigh the need for support against the ability to pay.'" *Roychoudhury v. Roychoudhury*, 3d Dist. Union No. 14-14-19, 2015-Ohio-2213, ¶ 19, quoting *Sears v. Sears*, 5th Dist. Knox No. 12-CA-09, 2012-Ohio-5968, ¶ 27.

---

[2] Michael frames his argument as challenging the effective date of spousal support. However, the temporary order required the spouses to pay for their own expenses. Doc. 106. Michael was required to cover the costs of the mortgage and the car payments in addition to paying child support. Doc. 106. Since he is arguing that the effective date of spousal support should be in 2015 and that he should not have to pay arrears, Michael is, in effect, challenging the duration of the spousal support award. For this reason, we will address this as a challenge to the duration of the spousal support award.

{¶15} "The Ohio Supreme Court has held that, generally, spousal support awards should not be indefinite, but should terminate upon a date certain." *Muckensturm v. Muckensturm*, 3d Dist. Hancock No. 5-11-38, 2012-Ohio-3062, ¶ 32, citing *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 554 N.E.2d 83 (1990), at paragraph one of the syllabus. "The award must nonetheless be equitable in light of the factors in each case." *Roychoudhury* at ¶ 21. "Trial courts are given broad discretion in determinations involving spousal support." *Siferd v. Siferd*, 2017-Ohio-8624, 100 N.E.3d 915, ¶ 40 (3d Dist.). For this reason, the decisions of a trial court regarding spousal support will not be reversed absent an abuse of discretion. *Id*.

Legal Analysis

{¶16} In this case, the trial court ordered Michael to pay Stacy $2,400.00 a month in spousal support for five years from the date of the divorce decree. Doc. The record shows that the magistrate considered the factors listed in R.C. 3105.18(C)(1) in reaching this determination. Doc. 131. In particular, he found that the marriage was of relatively long duration, having lasted for almost twenty years. Doc. 131. Further, according to the magistrate's calculations, Michael's income is far greater than Stacy's income. Doc. 131. Other courts have upheld spousal support awards of this duration for marriages that roughly lasted this long. *See Taylor v. Taylor,* 2d Dist. Clark No. 2002 CA 72, 2003-Ohio-1029, ¶ 2; *Gray v. Gray,* 8th Dist. Cuyahoga No. 80625, 2002-Ohio-3793, ¶ 1; *Earnest v. Earnest*, 151 Ohio App.3d 682, 2003-Ohio-704, 785 N.E.2d 766, ¶ 8 (11th Dist.); *Brickner v.*

*Brickner*, 12th Dist. Butler No. CA2008-03-081, 2009-Ohio-1164, ¶ 3. After reviewing the evidence in the record, we do not find that the trial court abused its discretion in ordering Michael to pay spousal support for five years after the divorce decree was entered. For these reasons, Michael's second assignment of error is overruled.

*Third Assignment of Error*

{¶17} Michael argues that the trial court erred in determining that an award of attorney's fees was reasonable in the absence of expert testimony or stipulation substantiating such a finding. Michael also challenges the computation of the attorney's fees that need to be paid by each party.

Legal Standard

{¶18} While "[a]n award of attorney['s] fees is generally disfavored," R.C. 3105.73(A) gives trial courts the power to award attorney's fees to a party "if it finds that such an award would be equitable." *Link v. Link*, 3d Dist. Mercer No. 10-11-21, 2012-Ohio-4654, ¶ 60. R.C. 3105.73(A) reads as follows:

> **In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.**

R.C. 3105.73(A). "An appellate court reviews an award of attorney fees under an abuse-of-discretion standard, as such awards are generally within the sound discretion of the trial court." *Jones v. Jones*, 179 Ohio App.3d 618, 2008-Ohio-6069, 903 N.E.2d 329, ¶ 43 (3d Dist.).

## Legal Analysis

{¶19} In this case, Stacy requested attorney's fees. Doc. 178. Stacy submitted copies of her legal bills, which documented the services her attorneys rendered and the corresponding fees. Doc. 178. The magistrate found that

> **[Michael's] average income for those three tax years was $179,445.09. [Stacy's] income for child support purposes is $13,790.40. According to the [child support computation worksheet], [Michael] earns 92.95% of the parties combined income. [Michael] had the financial wherewithal to litigate this case and that [Stacy] could not afford to litigate without an award of attorney fees. Since he has by far the majority of income, he should pay the majority of the attorney fees. Such an award is equitable.**

Doc. 168. The magistrate also examined Stacy's legal bills, which were submitted into evidence. Doc. 168. The magistrate found "that the fees generated were reasonable * * *." Doc. 168.

{¶20} The trial court adopted the magistrate's findings as to the reasonableness of Stacy's request for attorney's fees. In a domestic relations action, a trial court may rely on "its own knowledge and experience in determining the necessity and reasonableness of attorneys fees." *Shaffer v. Shaffer*, 109 Ohio

App.3d 205, 214, 671 N.E.2d 1317 (3d Dist.).[3] Further, a trial court is not required to hear expert testimony to determine the reasonableness of the amount of attorney's fees claimed. *McCord v. McCord*, 10th Dist. Franklin No. 06AP-102, 06 AP-684, 2007-Ohio-164, ¶ 19. Since the trial court examined the bills submitted by Stacy and found these amounts to be reasonable, we do not find that the trial court abused its discretion in awarding attorney's fees.

{¶21} We turn now to examining the trial court's calculation of attorney's fees. The trial court ordered the parties to "add their Attorney Fees and divide that total pursuant to the percentages of their combined incomes as listed on the Child Support Computation Worksheet * * *." Doc. 328. In its analysis, the trial court considered the ability of the parties to pay for the costs of this litigation and based its division of attorney's fees on each party's income level. Under this scheme, the percentage of the combined attorney's fees for which each party was responsible corresponded to the percentage of combined income that each party had in the child support computation worksheet. Doc. 328. However, in the first assignment of error, we determined that this worksheet was not completed correctly. Thus, the

---

[3] This standard has been applied by the overwhelming majority of appellate districts in the State of Ohio in domestic relations matters. *Gore v. Gore*, 2d Dist. Greene No. 09-CA-64, 2010-Ohio-3906, ¶ 39; *Dotts v. Schaefer*, 5th Dist. Tuscarawas No. 2014 AP 06 0022, 2015-Ohio-782, ¶ 17; *Miller v. Miller*, 6th Dist. Sandusky No. S-16-27, 2017-Ohio-7646, ¶ 33; *Rodgers v. Rodgers*, 8th Dist. Cuyahoga No. 105095, 2017-Ohio-7886, ¶ 70; *Long v. Long*, 10th Dist. Franklin No. 11AP-510, 2012-Ohio-6254, ¶ 20; *Welty v. Welty*, 11th Dist. Ashtabula Nos. 2007-A-0013 and 2007-A-0015, 2007-Ohio-5217, ¶ 42. However, outside of the domestic relations context, some courts have required more evidence to substantiate the reasonableness of a given amount of attorney's fees. *Northwest State Community College v. Northwest State Community College Education Association*, 2016-Ohio-8393, 79 N.E.3d 1127 (3d Dist.).

trial court must correct the child support computation worksheet on remand and then reconsider the equity of the allocation of attorney's fees between the parties. For this reason, Michael's third assignment of error is sustained.

*Conclusion*

{¶22} Having found no error prejudicial to the appellant in the particulars assigned and argued in the second assignment of error, the judgment of the Domestic Relations Division of the Logan County Court of Common Pleas is affirmed as to these issues. Having found error prejudicial to the appellant in the particulars assigned and argued in the first and third assignments of error, the judgment of the Domestic Relations Division of the Logan County Court of Common Pleas is reversed as to these issues. We remand this case for further proceedings consistent with this opinion.

*Judgment Affirmed in Part*
*Reversed in Part*
*And Cause Remanded*

**ZIMMERMAN, P.J. and PRESTON, J., concur.**

**/hls**