[Cite as *Schroer v. Schroer*, 2020-Ohio-62.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

CHRISTA M. SCHROER,

    PLAINTIFF-APPELLANT,           CASE NO. 5-19-21

    v.

SCOTT LEE SCHROER,              O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2017-DR-00067

Judgment Affirmed

Date of Decision: January 13, 2020

APPEARANCES:

    *John C. Filkins* for Appellant

    *Henry Schaefer* for Appellee

**SHAW, P.J.**

{¶1} Plaintiff-appellant, Christa M. Schroer ("Christa"), appeals the May 31, 2019 judgment of the Hancock County Court of Common Pleas, Domestic Relations Division, granting her motion to modify the spousal support paid to her by defendant-appellee, Scott L. Schroer ("Scott"). On appeal, Christa challenges the trial court's decision reducing the amount of spousal support recommended by the magistrate and modifying the award from indefinite to one that terminates upon the payment of a certain sum.

*Procedural History*

{¶2} In 2008, after a fifteen year marriage, the parties divorced upon signing a Consent Final Judgment of Dissolution of Divorce issued by the Circuit Court in Clay County, Florida. There were three children born as issue of the marriage (YOBs 1998, 2001, and 2004). The Florida Court ordered Scott to pay Christa $1,000.00 per month in alimony (referred to under Ohio law as spousal support). The Florida judgment specified that: "Husband's obligation and Wife's entitlement thereto shall continue until the death of either party, the remarriage of the Wife or until further Order of this Court. All payments shall be made by Income Deduction Order directly to the Wife." (Sept. 26, 2008 Consent Final Judgment at 14).

**{¶3}** In 2012, based upon evidence admitted to the court, the Florida Court granted Scott's petition to reduce his alimony obligation to "the monthly amount of $1.00, retroactive to June 1, 2012 and continuing on the first of each month and every month thereafter, until the death of either party, the remarriage of the Former Wife or until further Order of this Court." (Dec. 6, 2012 Order at ¶ 3). The order reflects that the Florida Court based its decision on a change in the parties' financial situations and concluded that the "Former Husband no longer has the ability to pay alimony at the rate he used to and the Former Wife no longer has the need she used to have and as such it is proper to modify alimony and child support at this time." (*Id*. at ¶ Q).

**{¶4}** In March of 2017, pursuant to Christa's request and upon Scott's consent, the Florida Court relinquished jurisdiction and the case was transferred to the Hancock County Common Pleas Court, Domestic Relations Division, due to the fact that the parties and their children now reside in Ohio.

**{¶5}** On July 12, 2017, Christa filed a motion for modification of spousal support.[1] The magistrate conducted evidentiary hearings on spousal support and other matters on March 12, 2018 and April 17, 2018.

---

[1] Notably, there were several motions litigated by the parties during this timeframe relating to the modification of parental rights and responsibilities, child support, and various contempt complaints. However, for clarity purposes we will focus on the litigation related to Christa's request for a modification of spousal support, which is the only issue raised on appeal.

{¶6} On November 20, 2018, the magistrate issued a decision on Christa's motion for modification of spousal support. Specifically, the magistrate found that the evidence indicated a substantial change in circumstances in the parties' income since the 2012 modification of alimony by the Florida Court. The magistrate further found that Christa's expenses had also increased, rendering her unable to meet those expenses with her current income. The magistrate recommended that Scott's spousal support obligation be increased to $1,000.00 per month, plus processing fees, to be paid retroactively beginning July 12, 2017—the date Christa filed her motion for modification. The magistrate further recommended that Scott continue to pay spousal support to Christa until the death of either party, the remarriage of Christa or until further order by the court, and recommended that the trial court retain jurisdiction over the spousal support amount and duration.

{¶7} On February 4, 2019, Scott filed objections to the magistrate's decision primarily taking issue with the magistrate's spousal support recommendation. Specifically, Scott objected to the increase in the monthly amount from $1.00 to $1,000.00, and to the modification being made retroactive to July 12, 2017. Scott argued that Christa failed to demonstrate that a substantial change in circumstances had occurred since the last order in order to warrant the modification of the prior spousal support obligation. In particular, Scott argued that she failed to substantiate her claims of increased monthly expenses of approximately $8,250.00,

despite his contribution to many of the expenses related to the children and one of the parties' children attaining the age of majority. Scott also challenged the indefinite nature of the magistrate's spousal support recommendation considering the parties had been divorced for over ten years and they were both thirty-eight years old when they ended their fifteen-year marriage. Christa filed a response to Scott's objections in support of the magistrate's recommendation.

{¶8} On April 3, 2019, the trial court issued a decision sustaining Scott's objections finding that "the Magistrate's recommendation to increase the amount of spousal support to One-Thousand Dollars ($1,000.00) a month for an indefinite period is unsupported by the evidence." (Doc. No. 147 at 5). However, the trial court noted that the evidence supported an increase of spousal support from the nominal $1.00, and further observed that Christa substantiated her need for additional funds to advance her education to improve her employment opportunities.

{¶9} The trial court declined to follow the magistrate's spousal support recommendation and instead ordered that Scott's spousal support obligation be modified to a total payment to Christa of $20,000.00. The trial court clarified that if Scott was unable to make the lump sum payment, he must pay Christa in monthly increments of no less than $500.00 until paid in full, commencing the first day of the month following the filing of the final order. Other than the spousal support award, the trial court adopted the magistrate's decision with respect to the other

issues raised by the parties. Scott subsequently filed a notice that he intended to pay the spousal support award in monthly installments.

{¶10} On May 31, 2019, the trial court issued a judgment entry putting into effect its spousal support ruling and specifying that the monthly installments would be paid through an income withholding order administered by the Hancock County CSEA. The trial court further ordered that any arrears created after the effective date of the order would be collected by the HCCSEA pursuant to the statutory rate of 20% per month, and the administrative procedures of the HCCSEA, until paid in full. The trial court also ordered that after Scott paid the $20,000.00 in spousal support, his obligation shall terminate in its entirety. In the interim, the trial court ordered the spousal support to also terminate upon the death of either party or upon Christa's remarriage. Finally, the trial court declined to retain continuing jurisdiction over the spousal support award, rendering it non-modifiable.

{¶11} It is from this judgment entry that Christa now appeals, asserting the following assignments of error.

### ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED AS A RESULT OF ITS OVERRULING THE MAGISTRATE'S RECOMMENDATION OF SPOUSAL SUPPORT OF $1,000.00 PER MONTH AND THEN ORDERING A LUMP SUM FIGURE OF $20,000.00 IN SPOUSAL SUPPORT TO BE PAID IN MONTHLY INSTALLMENTS OF $500.00 A MONTH WHEN THE PRIOR ORDER CALLED FOR A LIFETIME AWARD OF SPOUSAL SUPPORT.**

**ASSIGNMENT OF ERROR NO. 2**

**THE TRIAL COURT ERRED IN NOT MAKING THE SPOUSAL SUPPORT MODIFICATIONS EFFECTIVE BACK TO THE DATE OF APPELLANT'S FILING OF THE MOTION FOR MODIFICATION ON JULY 12, 2017.**

**ASSIGNMENT OF ERROR NO. 3**

**THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT APPELLANT'S MOTION TO DISMISS APPELLEE'S PLEADINGS (OBJECTIONS) WHICH WERE NOT FILED IN COMPLIANCE WITH THE CIVIL RULES OR THE LOCAL RULES OF HANCOCK COUNTY.**

*First Assignment of Error*

{¶12} In her first assignment of error, Christa argues that the trial court erred in modifying her spousal support award from a lifetime monthly payment to a lump sum award of $20,000.00.

*Legal Standard*

{¶13} We review a trial court's decision regarding spousal support for an abuse of discretion. *Ganues v. Ganues*, 3d Dist. Seneca No. 13-18-36, 2019-Ohio-1285, ¶ 13, citing *Booth v. Booth*, 44 Ohio St.3d 142 (1989). An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court may not simply

-7-

substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶14} In exercising its discretion to modify a spousal support award, the trial court must determine: (1) that the divorce decree contained a provision specifically authorizing the court to modify the spousal support, and (2) that the circumstances of either party have changed. R.C. 3105.18(E). Furthermore, the change in circumstances must be substantial enough to make the existing award no longer reasonable and appropriate and the change in circumstances must not have been taken into account by the parties or the court at the time when the existing award was established or last modified. R.C. 3105.18(F)(1)(a) and (b).

{¶15} According to R.C. 3105.18(F)(1), "a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses, or other changed circumstances * * *." In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors under R.C. 3105.18(C)(1), which include:

> **(a)  The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;**
> **(b)  The relative earning abilities of the parties;**

**(c)   The ages and the physical, mental, and emotional conditions of the parties;**

**(d)   The retirement benefits of the parties;**

**(e)   The duration of the marriage;**

**(f)   The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;**

**(g)   The standard of living of the parties established during the marriage;**

**(h)   The relative extent of education of the parties;**

**(i)   The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;**

**(j)   The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;**

**(k)   The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;**

**(l)   The tax consequences, for each party, of an award of spousal support;**

**(m)   The lost income production capacity of either party that resulted from that party's marital responsibilities;**

**(n)   Any other factor that the court expressly finds to be relevant and equitable.**

R.C. 3105.18(C)(1).

*Discussion*

{¶16} The record reflects that both the magistrate and the trial court agreed that a substantial change in circumstances had occurred with respect to the parties' incomes since the prior modification by the Florida Court in 2012.  Specifically,

-9-

Scott had regained an income similar to that at the time of the divorce.[2]  However, the trial court differed with the magistrate in determining an equitable spousal support award.  While *both* parties' income had increased over time, Christa claimed that she was unable to make ends meet due to increased expenses and the nominal spousal support she had received since 2012.

{¶17}  Christa submitted a monthly expenses list as an exhibit at the hearing which indicated she spent over $8,000.00 a month, nearly $100,000.00 a year, despite earning an annual salary of $37,000.00 and receiving over $10,000.00 in child support yearly.  Christa attributed many of these expenses to being the residential parent of two teenagers.[3]  However, the record reflects that Scott paid for many of the expenses related to the children, such as providing them with cell phones, data plans, vehicles, gas, and auto insurance.  Moreover, as noted by the trial court Scott's child support obligation was also increased to assist Christa with these expenses.

{¶18}  When pressed on the issue of the increased expenses related only to herself, Christa admitted she did not know "specific numbers" and that many of the figures included "estimations." (Tr. at 148).  Some of the expenses listed were not ones that she presently paid, but rather ones that she hoped to be able to pay in the

---

[2] The record indicates that in 2012 Scott's employer had eliminated his position requiring him to take another position at a lower salary and Christa who was once unemployed was working full-time.
[3] The oldest child was emancipated in May of 2017 upon graduating from high school.

future. For example, Christa claimed that her monthly expenses for "Auto, Gas, Repair, Transportation" were $1,200.00 a month. She explained that she included in that estimation a monthly car payment that she would be paying when she purchased a new vehicle, but acknowledged that she does not have a loan on the vehicle she currently drives. (Tr. at 183, Pl. Ex. N).

{¶19} At the hearing, Christa maintained that her primary reason for requesting a modification of spousal support is that her professional growth is stunted at the current income level without obtaining further education and certification. She explained that she could not get an interview for a higher paying job in her field without first obtaining a new certification. She submitted as an exhibit a quote from an online school indicating that it would cost approximately $2,500.00 to enroll in the appropriate program and she explained that it would take six months to a year for her to obtain the certification. Christa claimed that the nominal spousal support she had received since 2012 had greatly affected her ability to be able to afford the program.

{¶20} In reviewing both decisions from the magistrate and trial court, we concur with trial court's finding that the magistrate's decision to essentially reinstate the prior spousal support award of $1,000.00 a month for an indefinite period of time issued by the Florida Court at the time of the divorce is not supported by the

evidence. The circumstances of the parties have changed since the issuance of the 2008 divorce decree.

{¶21} The record indicates that at the time the parties divorced, over ten years ago, they were both 38 years old. Christa earned significantly less than Scott and was the residential parent of three young children. According to the evidence presented at the hearing, Christa is now employed full-time and earns approximately $37,000.00 annually and receives $840.00 a month in child support. The oldest child is now emancipated and the younger two are teenagers. Scott's annual income averages in the upper $70,000.00, depending on bonuses earned, which is slightly higher than at the time of divorce in 2008. Thus, the record supports the trial court's finding that "the salary differential, which now exists between the parties, is not as stark as before." (Doc. No. 144 at 5). We also conclude that the record supports the trial court's observations that many of Christa's claimed monthly expenses of over $8,000.00 were discretionary, appearing to be incurred out of lifestyle choice, and therefore were not adequately supported by the evidence.

{¶22} On appeal, Christa claims that the trial court's spousal support award is unreasonable and arbitrary because it is no longer in effect for the duration her lifetime. Initially, we note that "[t]he Ohio Supreme Court has held that, generally, spousal support awards should not be indefinite, but should terminate upon a date certain." *Pelger v. Pelger*, 3d Dist. Logan No. 8-18-36, 2019-Ohio-1280, ¶ 15,

citing *Kunkle v. Kunkle*, 51 Ohio St.3d 64 (1990), at paragraph one of the syllabus. Moreover, none of the evidence supports the position that a lifetime spousal support award is warranted in this case.

{¶23} Unlike the testimony regarding her expenses, Christa clearly identified at the hearing how the reduced spousal support affected her financially and how she could be placed in a better position. The trial court specifically addressed the need for an indefinite award and determined that:

> **The Court finds that a change in circumstances has occurred which establishes a need for limited spousal support (as suggest by [Scott]) to enhance [Christa's] educational skills; assist her in purchasing a more reliable vehicle and relieving her debt load. However, the award does not need to continue indefinitely. The plaintiff has demonstrated that she is industrious and possesses many skills [that] make her employable. * * * It is the Court's view that the award would best assist [Christa] if it were paid in a lump sum.**

(Doc. No. 144 at 6). Accordingly, the trial court ordered Scott to pay Christa a lump sum of $20,000.00 to assist her with the financial hardships she claimed to have incurred while receiving a nominal amount of spousal support for several years. We conclude that the record supports the trial court's findings underpinning its decision to modify the spousal support award. Moreover, Christa has put forth no compelling argument to substantiate her position that her spousal support should return to the initial order issued by the Florida Court of $1,000.00 a month for the duration of her life.

{¶24} "In making a spousal support award, a trial court must 'consider all of the relevant factors in [R.C. 3105.18] * * * then weigh the need for support against the ability to pay.' " *Roychoudhury v. Roychoudhury*, 3d Dist. Union No. 14-14-19, 2015-Ohio-2213, ¶ 19, quoting *Sears v. Sears*, 5th Dist. Knox No. 12-CA-09, 2012-Ohio-5968, ¶ 27. "The award must nonetheless be equitable in light of the factors in each case." *Roychoudhury* at ¶ 21. Here, the record reflects that the trial court conscientiously fashioned a spousal support award that is equitable to both parties. Accordingly, we do not find that the trial court abused its discretion in modifying the spousal support award from an indefinite term to a lump sum payment. Therefore, the first assignment of error is overruled.

*Second Assignment of Error*

{¶25} In her second assignment of error, Christa argues that the trial court abused its discretion in not applying the spousal support award retroactively to commence on July 12, 2017, the date she filed the motion for modification. Christa fails to any cite persuasive reasons, or legal authority, to support her argument on this basis. Rather, it is apparent from the record that the trial court's objective was to devise a spousal support award that was not only equitable to both parties, but also practical. The trial court had heard ample evidence of the parties' financial situations and recognized that Scott may not have the ability to immediately produce the lump sum amount. Therefore, the trial court provided Scott with an option to

pay the amount in monthly increments of no less than $500.00 until the entire amount $20,000.00 is satisfied. Ordering the payments to be made retroactively would have defeated the purpose of providing Scott with a practical way to pay the $20,000.00. Moreover, the record indicates that in 2012, when the spousal support award was first modified, Scott overpaid $6,000.00 to Christa when the modification was ordered to be retroactive six months but his wages were still being garnished at $1,000.00 a month.[4] In any event, we find no merit to Christa's claims that the trial court's chosen effective date and the allowance for monthly installments were unreasonable and arbitrary under the circumstances. Accordingly, the second assignment of error is overruled.

*Third Assignment of Error*

{¶26} In her third assignment of error, Christa argues that the trial court erred in granting Scott's attorney additional time to file objections to the magistrate's decision.

{¶27} The record establishes that on the fourteenth day after the magistrate filed her decision, and within the timeframe prescribed by Civ.R. 53(D)(3)(b), Scott's counsel filed his initial motion for an extension for filing objections to the magistrate's decision claiming that he was not served with the decision until ten days after its issuance. The trial court granted the motion the same day. Christa's

---

[4] Notably, the trial court stated that the $20,000.00 "amount takes into consideration any excess payments that were made after the 2012 modification date." (Doc. No. 144 at fn. 3).

-15-

counsel filed a response opposing the extension. Scott's counsel filed a second motion for extension of time based upon more time needed for the court reporter to prepare the transcript from the multiple days of hearings. The trial court granted Scott's second motion for extension of time the same day. The next day, Christa filed a "Motion to Dismiss Defendant's Objections," arguing that Scott failed to file preliminary objections within the original fourteen-day timeframe. The trial court overruled Christa's motion to dismiss.

{¶28} On appeal, Christa argues the trial court erred in granting Scott's attorney additional time to file objections to the magistrate's decision. Christa claims that Scott's initial motion failed to set forth preliminary objections, even though the motion was requesting more time to file Scott's objections.

{¶29} As noted above, Civ. R. 53(D)(3)(b)(i) provides that "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision." However, Civ.R. 53(D)(5) permits the trial court to grant a reasonable extension of time for a party to file objections outside the 14–day period "for good cause shown." " 'Good cause' includes, but is not limited to, a failure by the clerk to timely serve the party seeking the extension with the magistrate's order or decision." Id. "The definition of good cause is without precise parameters and varies according to the facts presented in each individual case." *Woods Cove III, L.L.C. v. Am. Guaranteed Mgmt. Co.*, 8th Dist. Cuyahoga Nos. 105494 and 105901,

2018-Ohio-1829, ¶ 29, citing *Woodruff v. Concord City Discount Clothing Store*, 2d Dist. Montgomery No. 10072 *3 (Feb. 19, 1987). A trial court has broad discretion in determining whether to grant a motion for an extension of time, and the court's decision will not be reversed on appeal absent an abuse of discretion. *Bedi–Hetlin v. Hetlin*, 3d Dist. Seneca No. 13-14-08, 2014-Ohio-4997, ¶ 49.

{¶30} Here, there is nothing in the record to suggest that the trial court abused its discretion when it granted Scott's counsel extensions to file objections to the magistrate's decision. Moreover, contrary to Christa's claims on appeal, Scott's counsel submitted a twenty-three page document thoroughly setting forth the basis for his objections with numerous citations to the record and references to ample, relevant case authority. Accordingly, we find no merit to Christa's argument that the trial court erred in granting Scott's counsel extensions of time to file objections to the magistrate's decision. On this basis the third assignment of error is overruled.

{¶31} For all these reasons, the assignments of error are overruled and the judgment of the trial court is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**